# IN THE SUPREME COURT OF TEXAS

════════════
No. 13-0096
════════════

Tenet Hospitals Limited, a Texas Limited Partnership d/b/a Providence
Memorial Hospital, and Michael D. Compton, M.D., Petitioners

v.

Elizabeth Rivera, as Next Friend for M.R., Respondent

═══════════════════════════════════════════════════════════
On Petition for Review from the
Court of Appeals for the Eighth District of Texas
═══════════════════════════════════════════════════════════

**Argued February 4, 2014**

Justice Guzman delivered the opinion of the Court in which Chief Justice Hecht, Justice Green, Justice Johnson, Justice Willett, Justice Boyd, Justice Devine, and Justice Brown joined.

Justice Lehrmann filed a dissenting opinion.

Our Constitution must strike a delicate balance between the pre-existing rights of individuals and the state's need to abridge those rights to achieve important public policy objectives. This appeal raises such questions of balance through a challenge to the statute of repose in the Medical Liability Act. In 2003, the Legislature enacted the Medical Liability Act to lower the escalating cost of medical malpractice insurance premiums and increase access to health care. The Act contains a

statute of repose that operates to bar claims not brought within ten years of the date of the medical treatment.

Here, alleged negligence occurred during the birth of a child in 1996. Under the 2003 repose statute, a suit on this negligence claim must be filed by 2006. In 2004, an attorney for the mother notified the hospital of the minor's claim, but no suit was filed until 2011, five years after the repose statute's deadline. The hospital moved for summary judgment on the ground that the repose statute barred the claim, and the mother responded that the repose statute violates the open courts and retroactivity provisions of the Texas Constitution. We overrule both constitutional challenges.

The open courts challenge fails due to the mother's lack of diligence in filing suit. In this context, an open courts challenge contends that the claimant had an insufficient opportunity to bring suit. It is well-established in our jurisprudence that such open-courts challengers must themselves be diligent in bringing suit. The mother cannot meet this requirement because she was aware of the claim one year into her three-year period to bring the claim but waited over six additional years to file suit. The mother's retroactivity challenge also fails because a compelling public purpose justified the legislation and granted her a three-year grace period to file suit. Because the court of appeals found in the mother's favor on her open courts challenge, we reverse the court of appeals' judgment and render judgment that the plaintiff take nothing.

# I. Background

In 1996, Elizabeth Rivera was nine months pregnant with her daughter, M.R., when she visited the emergency room of Providence Hospital[1] with a cough and fever. Dr. Michael Compton assessed Rivera and discharged her. The following day, Rivera noticed decreased fetal movement and returned to the hospital, where M.R. was delivered via emergency C-section. M.R. lacked oxygen and has permanent neurological disabilities. Rivera claims this injury resulted from the hospital and Dr. Compton's failure to properly assess and monitor her and notify her OB/GYN.

Seven years after the medical treatment at issue (in 2003), the Legislature enacted a ten-year statute of repose for the Medical Liability Act, which provides:

> A claimant must bring a health care liability claim not later than 10 years after the date of the act or omission that gives rise to the claim. This subsection is intended as a statute of repose so that all claims must be brought within 10 years or they are time barred.

Act of June 2, 2003, 78th Leg., R.S., ch. 204, § 10.01, 2003 Tex. Gen. Laws 847, 872 (current version at TEX. CIV. PRAC. & REM. CODE § 74.251(b)). Thus, when the repose statute became law, M.R.'s claim needed to be brought within three years to avoid the claim being barred by the statute of repose.[2]

---

[1] Providence Hospital is the d/b/a for Tenet Hospitals Limited, LP. The hospital and Dr. Michael Compton are collectively referred to in this opinion as "the hospital."

[2] Neither party discusses the effect of limitations on M.R.'s claim, and we therefore express no opinion on that issue.

In August 2004, Rivera's lawyer sent the hospital the statutorily required notice of a health care liability claim,[3] but only filed suit (on M.R.'s behalf) in March 2011—five years after the repose statute barred the claim and six-and-a-half years after Rivera sent pre-suit notice of the claim. The hospital and Dr. Compton moved for summary judgment based on the statute of repose and the trial court granted the motion. The court of appeals reversed, holding that the statute of repose violated the open courts provision as applied to M.R. 392 S.W.3d 326, 333. We granted the hospital and Dr. Compton's petitions for review.[4]

## II. Discussion

Rivera poses open courts and retroactivity challenges to the repose statute as independent bases for affirming the court of appeals. Regarding the open courts challenge, Rivera claims the repose statute is similar to previous statutes of limitations we held to be unconstitutional as applied to minors. Regarding the retroactivity challenge, Rivera contends the repose statute is unconstitutionally retroactive because it extinguished M.R.'s claim before she could reach the age of majority. We address each constitutional challenge in turn. In doing so, we are mindful that we

---

[3] Under the Medical Liability Act, anyone asserting a health care liability claim must give written notice to the physician or health care provider at least sixty days before filing suit. TEX. CIV. PRAC. & REM. CODE § 74.051(a).

[4] At the petition stage, the Texas Alliance for Patient Access, the Texas Medical Association, the Texas Hospital Association, the American Congress of Obstetricians and Gynecologists, the Texas Children's Hospital, and the Texas Osteopathic Medical Association jointly submitted an amicus brief supporting the hospital.

begin assessing a constitutional challenge with a presumption that the statute is valid[5] and do not defer to lower court constructions of statutes.[6]

The distinction between facial and as-applied challenges also bears mentioning because we consider bother Rivera's challenges to be as-applied challenges. A facial challenge claims that a statute, by its terms, always operates unconstitutionally. *United States v. Salerno*, 481 U.S. 739, 745 (1987); *Tex. Workers' Comp. Comm'n v. Garcia*, 893 S.W.2d 504, 518 (Tex. 1995). By contrast, an as-applied challenge asserts that a statute, while generally constitutional, operates unconstitutionally as to the claimant because of her particular circumstances.[7] *City of Corpus Christi v. Pub. Util. Comm'n of Tex.*, 51 S.W.3d 231, 240 (Tex. 2001); *Garcia*, 893 S.W.2d at 518 n.16.

Both of Rivera's constitutional challenges here (open courts and retroactivity) are as-applied challenges. Her open courts challenge does not claim the repose statute operates unconstitutionally as to all persons, and we have previously held open courts applied constitutionally to an adult who could not discover her claim before the repose statute barred it.[8] *Methodist Healthcare Sys., Ltd.,*

---

[5] *See Robinson v. Crown Cork & Seal Co.*, 335 S.W.3d 126, 146 (Tex. 2010) ("To be sure, courts must be mindful that statutes are not to be set aside lightly."); *Sax v. Votteler*, 648 S.W.2d 661, 664 (Tex. 1983) ("We recognize that '[i]n passing upon the constitutionality of a statute, we begin with a presumption of validity.'" (quoting *Smith v. Davis*, 426 S.W.2d 827, 831 (Tex. 1968)) (alteration in original)).

[6] *City of San Antonio v. City of Boerne*, 111 S.W.3d 22, 25 (Tex. 2003).

[7] As we have observed previously, "the line between facial and as-applied challenges is not so well defined that it has some automatic effect." *In re Nestle USA, Inc.*, 387 S.W.3d 610, 617 (Tex. 2012) (quotation marks omitted); *see also id.* at 617 n.76 (observing that "'courts remain hopelessly befuddled in this area'" (quoting Scott A. Keller & Misha Tseytlin, *Applying Constitutional Decision Rules Versus Invalidating Statutes in Toto*, 98 VA. L. REV. 301, 312 (2012))).

[8] Rivera asserts that the repose statute is unconstitutional "as applied to children injured by medical negligence before their eighth birthday." This framing unnecessarily blurs the line between facial and as-applied challenges. Because Rivera contends in neither constitutional challenge that the repose statute always operates unconstitutionally, her challenges are as-applied to her circumstances only.

5

*L.L.P. v. Rankin*, 307 S.W.3d 283, 292 (Tex. 2010); *see Yancy v. United Surgical Partners Int'l, Inc.*, 236 S.W.3d 778, 786 (Tex. 2007) (treating an open courts challenge as an as-applied challenge). Likewise, Rivera's retroactivity challenge is an as-applied challenge because it contends the repose statute is unconstitutionally retroactive as to M.R.'s claim based upon the particular circumstances of her situation. *See Robinson v. Crown Cork & Seal Co.*, 335 S.W.3d 126, 147 (Tex. 2010) (treating a retroactivity challenge as an as-applied challenge). With this background in mind, we turn to the substance of Rivera's constitutional challenges.

## A. Open Courts

In *Weiner v. Wasson*[9] and *Sax v. Votteler*[10], we held statutes of limitations requiring minors to bring medical malpractice suits by a certain age violated the open courts provision. Rivera argues these decisions compel the conclusion that this repose statute is unconstitutional as applied to M.R., who is also a minor. The hospital primarily counters that, because we upheld this repose statute against an open courts challenge in *Rankin*, we likewise must do so here.[11] We agree with the hospital's conclusion that the repose statute does not violate the open courts provision as applied to M.R., but rely on different reasons.

The open courts provision of the Texas Constitution provides: "All courts shall be open and every person for an injury done him, in his lands, goods, person or reputation, shall have remedy by due course of law." TEX. CONST. art. I, § 13. This requirement "guarantees that a common law

---

[9] 900 S.W.2d 316 (Tex. 1995).

[10] 648 S.W.2d 661 (Tex. 1983).

[11] 307 S.W.3d 283 (Tex. 2010).

remedy will not be unreasonably abridged." *Garcia*, 893 S.W.2d at 521. This guarantee operates quite differently from a tolling provision. *Yancy*, 236 S.W.3d at 784. Tolling provisions generally defer accrual of a claim until the plaintiff knew, or in the exercise of reasonable diligence should have known, the facts giving rise to the claim. *Id*. (citing *HECI Exploration Co. v. Neel*, 982 S.W.2d 881, 886 (Tex. 1998)). By contrast, "the open courts provision merely gives litigants a reasonable time to discover their injuries and file suit," and courts must determine what constitutes a reasonable time frame. *See id*. In short, an open courts challenge is a due process complaint and requires the party to use due diligence. *Id*. at 785. Procedurally, the party raising the open courts challenge "must raise 'a fact issue establishing that he did not have a reasonable opportunity' to be heard." *Stockton v. Offenbach*, 336 S.W.3d 610, 618 (Tex. 2011) (quoting *Yancy*, 236 S.W.3d at 785).

We have interpreted this due diligence requirement three times in the past two decades, and these precedents guide our analysis here. First, in *Shah v. Moss*, Moss sued Shah for negligence in performing eye surgery and neglecting to provide adequate post-surgical treatment. 67 S.W.3d 836, 839 (Tex. 2001). When Shah moved for summary judgment on limitations, Moss asserted that the limitations statute violated the open courts provision. *Id*. at 840–41. Moss knew about the alleged injury at least seventeen months before he filed suit but offered no explanation for his delay. *Id*. at 847. Thus, we concluded that, as a matter of law, Moss failed to file suit within a reasonable time after discovering his injury. *Id*.

Six years after we decided *Shah*, we addressed a case with facts more closely aligned with those presented here. In *Yancy*, Yates suffered cardiac arrest when undergoing a procedure to remove kidney stones. 236 S.W.3d at 780. She was resuscitated but remained comatose after the

7

procedure. *Id*. Some nineteen months later, Yates's guardian sued two defendants and waited another twenty-two months to sue two additional defendants. *Id*. The additional defendants moved for summary judgment on limitations, to which the guardian raised an open courts challenge. *Id*. Relying on *Shah*, we overruled the open courts challenge because the guardian offered no explanation for waiting twenty-two months after filing her petition to sue the additional defendants. *Id*. at 785. Specifically, we observed that the guardian

> knew of [Yates's] condition and retained a lawyer well within the limitations period. On this record, there is no fact issue establishing that [the guardian] . . . sued within a reasonable time after discovering the alleged wrong. Thus, the open courts provision does not save Yates's time-barred negligence claims.

*Id*. We acknowledged precedent indicating that a statute requiring an incapacitated plaintiff to give pre-suit notice would "require an impossible thing." *Id*. at 786 (citing *Tinkle v. Henderson*, 730 S.W.2d 163, 167 (Tex. App.—Tyler 1987, writ ref'd)). But we concluded the limitations statute there did not require an impossible thing of Yates, who had a guardian, retained a lawyer, and filed suit within the limitations period. *Id*. We opined that, because the limitations statute was constitutional as applied to Yates, "there is no need to strike it down because it might operate unconstitutionally in another case." *Id*.

Most recently, in *Stockton*, a mother of a minor with a health care liability claim raised an open courts challenge to the Medical Liability Act's 120-day deadline to serve an expert report. 336 S.W.3d at 617–18. There, Stockton was unable to serve the report on a defendant and filed a motion forty days after filing suit to request substituted service for the report. *Id*. at 618. However, Stockton did not alert the trial court to the impending expert report deadline, and the court granted the motion

four months later after requesting additional information. *Id*. at 617. We held that Stockton did not raise a fact issue concerning her due diligence and overruled her open courts challenge. *Id*. at 617–18. Notably, the fact that she was a next friend of her minor child did not prevent this Court from imputing her lack of diligence to her child. *Id*.

In sum, we have found delays of four months,[12] seventeen months,[13] and twenty-two months[14] to constitute a lack of due diligence as a matter of law—such that an open courts challenge must fail at summary judgment. Additionally, a guardian's lack of diligence may operate to bar a legally incompetent person's open courts challenge. *Yancy*, 236 S.W.3d at 785. And a next friend's lack of due diligence may operate to bar a minor child's open courts challenge. *Stockton*, 336 S.W.3d at 617–18.

Here, Rivera acted as the M.R.'s next friend. In 2004, a lawyer for Rivera sent the hospital the statutorily required notice of M.R.'s health care liability claim, but Rivera waited over six-and-a-half years to file suit (represented by the same lawyer). This period of time is fifteen times the four months we found constituted a lack of diligence in *Stockton*,[15] over five times the seventeen months in *Shah*,[16] and almost three times the twenty-two months in *Yancy*.[17] And as in *Stockton*, *Yancy*, and

---

[12] *Stockton*, 336 S.W.3d at 617–18.

[13] *Shah*, 67 S.W.3d at 847.

[14] *Yancy*, 236 S.W.3d at 785.

[15] 336 S.W.3d at 617–18.

[16] 67 S.W.3d at 847.

[17] 336 S.W.3d at 785.

*Shah*, the plaintiff has offered no explanation for her delay in filing suit. Moreover, similar to *Yancy*, the repose statute did not deprive M.R. of her opportunity to be heard because she gave statutory pre-suit notice of her claim two years before the repose statute barred it.[18] *See Yancy*, 236 S.W.3d at 785–86 (concluding that a statute did not deprive a legally incompetent person of her opportunity to be heard because she had a guardian, retained a lawyer, and filed suit against some defendants within the limitations period). Accordingly, on this record, there is no fact issue establishing that Rivera (on M.R.'s behalf) "did not have a reasonable opportunity to discover the alleged wrong and bring suit before the repose statute barred her claim or that she sued within a reasonable time after discovering the alleged wrong." *Id*. at 785. Accordingly, the open courts provision cannot revive M.R.'s time-barred claim. *See id*.

Rivera argues we should not impute any lack of diligence on her part to M.R. But our precedents have required due diligence of a next friend raising an open courts challenge on behalf of a minor in *Stockton*, 336 S.W.3d at 617–18, as well as of the guardian of a legally incompetent person raising an open courts challenge in *Yancy*, 236 S.W.3d at 785–86. Rivera offers us no compelling reason to overturn either decision. And the consistency of these decisions is well-founded. The law, our precedent, and our rules of procedure all treat minors and legally incompetent persons alike as lacking the legal capacity to sue, such that they must appear in court through a legal guardian, a next friend, or a guardian ad litem. *See* TEX. CIV. PRAC. & REM. CODE § 16.001 (classifying persons under 18 years of age and persons of unsound mind as being under a legal

---

[18] Act of June 2, 2003, 78th Leg., R.S., ch. 204, § 10.01, 2003 Tex. Gen. Laws 847, 872 (current version at TEX. CIV. PRAC. & REM. CODE § 74.251(b)).

10

disability); TEX. R. CIV. P. 44, 173; *Austin Nursing Center v. Lovato*, 171 S.W.3d 845, 849 (Tex. 2005).[19] Indeed, our precedent reveals only one instance discussing minors and incompetent persons differently, and it poignantly observed that minors and legally incompetent persons are treated comparably, but that incompetent persons are deserving of perhaps even greater protections. *Tinkle*, 730 S.W.2d at 166.[20]

We must note the fact that the similar treatment of minors and legally incompetent persons does not necessarily mean next friends or parents and guardians are treated similarly. There are specific procedures for guardians that do not apply to next friends. For example, guardians: are court-appointed,[21] act as fiduciaries on behalf of the legally incompetent person,[22] need not post security for costs in suits brought on behalf of the legally incompetent person,[23] generally must post

---

[19] *See also* TEX. HEALTH & SAFETY CODE § 611.004(a)(4) (treating minor's and legally incompetent persons similarly for purposes of disclosing certain confidential information); TEX. LAB. CODE § 403.007 (treating workers' compensation death benefits payable to minors and legally incompetent persons similarly).

[20] *Tinkle*, 730 S.W.2d at 166 ("It is impossible to avoid the analogy between the situation of the child plaintiff in *Sax* and the arguably incompetent plaintiff in this case. Traditionally the interests of minors, incompetents, and other helpless persons are viewed in law as substantially similar, and both the substantive law and the rules of procedure accord them comparable treatment. In many respects, mentally incompetent persons present a more compelling case for legal protection. They are frequently less communicative, more vulnerable and dependent than children. . . . The mentally incompetent are less likely than children to have someone intimately interested in their welfare and inclined to act in their behalf."). We note that the record here describes M.R.'s condition as such that she might need a guardian when she reaches the age of majority. Because the law treats minors and legally incompetent persons similarly, such a change in legal status would not affect our holding.

[21] TEX. EST. CODE § 1001.001 (formerly TEX. PROB. CODE § 602) ("A court may appoint a guardian with full authority over an incapacitated person . . . .").

[22] *Id*. §§ 1053.052 (formerly TEX. PROB. CODE § 622) (discussing guardian's fiduciary capacity), 1105.051 (formerly TEX. PROB. CODE § 700) (establishing oath to faithfully discharge duties to a legally incompetent person).

[23] *Id*. § 1053.052 (formerly TEX. PROB. CODE § 622) ("No security for costs shall be required of a guardian . . . in any suit brought by the guardian . . . in [her] respective fiduciary capacit[y]."). Rule of Civil Procedure 44 grants next friends "the same rights concerning such suits as guardians have, but shall give security for costs, or affidavits in lieu thereof, when required."

11

a bond,[24] and must annually report on the guardianship to the court that appointed them.[25] But if anything, these technical requirements simply bring guardians in line with the powers and duties that parents possess. Unlike a guardian, a parent as next friend need not post a bond until possessing money from a judgment on behalf of a minor.[26] But such disparate treatment is largely attributable to the presumption that fit parents act in the best interest of their children. *See In re Derzapf*, 219 S.W.3d 327, 333 (Tex. 2007). As a whole, our statutes, rules, and precedent treat guardians and next friends similarly. *See, e.g.*, TEX. R. CIV. P. 44 (granting next friends the same rights as guardians except that they must give security for costs). We see no reason today to depart from our requirement that guardians and next friends use due diligence in bringing suit to sustain an open courts challenge.[27]

Rivera and the hospital both contend that different precedents regarding the reasonableness of statutory limits to common-law recovery should govern our analysis of the open courts challenge. Substantively, our longstanding test for whether a law violates the open courts provision is (1) if the law imposes substitute remedies, whether those remedies are reasonable, or (2) if the law extinguishes remedies, whether such action is a reasonable exercise of the police power. *Lebohm v. City of Galveston*, 275 S.W.2d 951, 955 (Tex. 1955). Rivera contends that under *Weiner* and *Sax*,

---

[24] *Id.* §§ 1105.101 (formerly TEX. PROB. CODE § 702), 1105.102 (formerly TEX. PROB. CODE § 702A).

[25] *Id.* § 1163.101 (formerly TEX. PROB. CODE § 743).

[26] TEX. PROP. CODE § 142.002 (formerly TEX. PROB. CODE § 142.002(a)) (providing for next friend to take possession of money recovered from a judgment for the minor only after posting a bond).

[27] For these reasons, we disagree with the court of appeals that any lack of diligence on Rivera's part could not be imputed to M.R. 392 S.W.3d at 334.

requiring a minor to sue through a next friend is unreasonable. The hospital asserts that under *Rankin*, extinguishing the claim altogether if not filed within ten years is a reasonable exercise of the police power. Rivera's assertion that *Sax* and *Weiner* control fails for two reasons. First, we need not assess whether the law was reasonable if the party challenging the law was not diligent. We never reached the question of whether the statute was reasonable as applied to the claimants in *Stockton*, *Yancy*, and *Shah* because the claimants in those cases demonstrated a lack of due diligence. *Stockton*, 336 S.W.3d at 617–18; *Yancy*, 236 S.W.3d at 785; *Shah*, 67 S.W.3d at 847. Second, *Sax* and *Weiner* involved statutes of limitations that expressly applied to minors (that minors must bring health care claims by age twelve in *Sax* and age fourteen in *Weiner*). We held that those statutes were facially unconstitutional. *See Weiner*, 900 S.W.2d at 320 (expressly declining to invalidate statute of limitations for minors on an as-applied basis). By contrast, this statute does not only affect minors, and Rivera's constitutional challenge is necessarily an as-applied attack. Thus, we must consider the circumstances of Rivera's representation of M.R., including the fact that she hired a lawyer to send pre-suit notice of the claim two years before the repose statute barred it.

We likewise disagree with the hospital that *Rankin* controls this case. Had Rivera exercised due diligence and the repose statute still barred her claim, we would then be required to assess the reasonableness of the law. *See Rankin*, 307 S.W.3d at 285 (assessing the reasonableness of the repose statute when the plaintiff's diligence in bringing suit was not at issue). The absence of due diligence means we need not reach this issue.

13

## B. Retroactivity

Rivera also challenges the repose statute as unconstitutionally retroactive because it required M.R. to bring her previously accrued claim before she reached the age of majority. The hospital counters that the repose statute is not unconstitutionally retroactive because it allowed M.R. three years after the statute took effect to bring her claim through her next friend. We agree with the hospital.

A retroactive law is one that extends to matters that occurred in the past. *Robinson*, 335 S.W.3d at 138 ("A retrospective law literally means a law which looks backwards, or on things that are past; or if it be taken to be the same as retroactive, it means to act on things that are past." (quoting *DeCordova v. City of Galveston*, 4 Tex. 470, 475–76 (1849))); *Subaru of Am., Inc. v. David McDavid Nissan, Inc.*, 84 S.W.3d 212, 219 (Tex. 2002); *see also Landgraf v. USI Film Prods.*, 511 U.S. 244, 270 (1994) (determining for purposes of retroactivity "whether the new provision attaches new legal consequences to events completed before its enactment."). Here, the parties concede the statute is retroactive as applied to M.R. because it established a date to bar her already-accrued claim.

But not all retroactive statutes are unconstitutional. *Robinson*, 335 S.W.3d at 138. In *Robinson*, we established a three-part test for examining whether retroactive laws are constitutional: "the nature and strength of the public interest served by the statute as evidenced by the Legislature's factual findings; the nature of the prior right impaired by the statute; and the extent of the impairment." *Id*. at 145. This test acknowledges the heavy presumption against retroactive laws by requiring a compelling public interest to overcome the presumption. *Id*. at 146. But it also

14

appropriately encompasses the notion that "statutes are not to be set aside lightly." *Id.* We examine

each of the three factors in turn with respect to the repose statute.

Regarding the public interest, the statute at issue in *Robinson* was enacted solely to benefit

a single company by reducing its liability in asbestos litigation, which we determined constituted

only a slight public interest. *Id.* at 146, 150. By contrast, the repose statute here was part of the 2003

Medical Liability Act, which was a comprehensive overhaul of Texas medical malpractice law to

"make affordable medical and health care more accessible and available to the citizens of Texas,"[28]

and to "do so in a manner that will not unduly restrict a claimant's rights any more than necessary

to deal with the crisis."[29]   The Legislature conducted hearings and gathered evidence of the

increasing costs of malpractice insurance resulting from claims that endured indeterminately.  As a

result, the Legislature expressly found that a spike in healthcare liability claims was causing a

malpractice insurance crisis that adversely affected the provision of healthcare services in Texas.[30]

Unlike the statute in *Robinson*, there is no indication the statute here was to benefit only a particular

entity; rather, it was aimed at broadening access to health care by lowering malpractice insurance

premiums.  We previously concluded this public interest was sufficient to overcome a different

constitutional challenge to this statute. *Rankin*, 307 S.W.3d at 288 (holding that public interest in

lowering malpractice insurance premiums and increasing access to health care by implementing this

---

[28] Act of June 2, 2003, 78th Leg., R.S., ch. 204, § 10.11(b)(5), 2003 Tex. Gen. Laws 847, 884–85.

[29] *Id.* § 10.11(b)(3).

[30] *Id*. § 10.11(a).

repose statute was a valid exercise of the police power sufficient to overcome an open courts challenge). It is likewise a compelling public interest with respect to Rivera's retroactivity challenge.

But a compelling public interest does not end the retroactivity inquiry. We must balance that purpose against the nature of the prior right and the extent to which the statute impairs that right. Regarding the nature of the prior right, we held in *Robinson* that the personal injury claim at issue (for mesothelioma) was a mature tort that had a substantial basis in fact due to the discovery in the case. 335 S.W.3d at 148. Here, M.R.'s claim is mature because claims for medical negligence in utero are established causes of action in Texas, *Brown v. Schwarts*, 968 S.W.2d 331, 334 (Tex. 1998), and M.R.'s injury has allegedly come to fruition. But unlike in *Robinson*, the sparse record before us fails to provide any indication of the strength of M.R.'s claim. Thus, though the type of claim M.R. has is clearly established, the strength of her individual claim is unclear.

Finally, we assess the extent to which the repose statute impaired M.R.'s claim. Before 1996, when the injury allegedly occurred, there was no statute of repose for medical negligence claims and a minor had until age twenty to sue before limitations would run (the age of majority plus two years for limitations). *Weiner*, 900 S.W.2d at 318–19. Thus, M.R. reasonably had settled expectations in 1996 that she would have until age twenty to file suit, and the repose statute impaired these settled expectations. But we have long recognized that the impairment of such a right may be lessened when a statute affords a plaintiff a grace period to bring her claim, and we observed in *Robinson* that "a change in the law need not provide a grace period to prevent an impairment of vested rights." 335

16

S.W.3d at 141.  We noted that grace periods of two months to sue,[31] four years to sue,[32] and seven years to resume pumping water[33] had all previously been upheld over retroactivity challenges.  *Id.*

We have only upheld constitutional retroactivity challenges four times.  In two of those cases*,* we upheld retroactivity challenges because amendments to statutes of limitations revived claims the previous statutes barred.[34]   And in one case, the Legislature extinguished a taxpayer's valid limitations defense to a governmental property tax claim by enacting legislation that prevented taxpayers from raising limitations defenses.  *Mellinger v. City of Houston*, 3 S.W. 249, 254–55 (Tex. 1887).  Finally, in *Robinson*, the statute operated to extinguish Robinson's mature tort claim against a particular defendant, despite discovery showing a substantial basis in fact for the claim.  335 S.W.3d at 148.  When balanced against a statute that contained no findings and affected only one defendant, we concluded the "slight" public interest did not justify the impairment to the claims at issue.  *Id*. at 149.

Here, M.R. possessed a three-year grace period from the time the repose statute took effect until it extinguished her claim.  We have upheld statutes with shorter grace periods, and we cannot say the three-year grace period M.R. possessed rendered the statute unconstitutional as applied in light of its compelling public interest.

---

[31] *City of Tyler v. Likes*, 962 S.W.2d 489, 502 (Tex. 1997).

[32] *DeCordova*, 4 Tex. at 470–71.

[33] *Tex. Water Rights Comm'n v. Wright*, 464 S.W.2d 642, 644 (Tex. 1971).

[34] *Baker Hughes, Inc. v. Keco R. & D., Inc*., 12 S.W.3d 1, 4 (Tex. 1999); *Wilson v. Work*, 62 S.W.2d 490, 490–91 (Tex. 1933) (per curiam) (original proceeding).

17

Rivera counters that this grace period is meaningless because M.R. could not sue during the time she was under a legal disability and would have to sue through her next friend. But we cannot ignore that Rivera brings an as-applied challenge. Thus, the inquiry must be Rivera representing M.R.—not parents representing children generally. Two facts in this case compel us to reject Rivera's retroactivity challenge. First, Rivera knew of M.R.'s claim one year into the three-year grace period. She demonstrated that knowledge by sending the statutorily-required notice of M.R.'s claim to the hospital through her lawyer. Thus, Rivera cannot rightfully contend that a three-year grace period unconstitutionally deprived her of the ability to bring M.R.'s claim when she knew of the claim long before the period expired. Second, Rivera actually brought M.R.'s claim, albeit after the repose statute barred it. She brought the claim on M.R.'s behalf while M.R. was still a minor. While one may conceive of a scenario where a parent fails to bring her child's claim due to legal incompetence or a conflict of interest with the child, Rivera's as-applied challenge requires us to consider only her circumstances. *See Weiner*, 900 S.W.2d at 327 (Owen, J., dissenting). There is no indication in the record that Rivera is legally incompetent or possesses a conflict of interest with M.R. And sending pre-suit notice of M.R.'s claim and filing suit on her behalf demonstrates Rivera's capability of representing M.R.

In short, the Legislature's findings in enacting the Medical Liability Act demonstrate its compelling public purpose in lowering the cost of medical malpractice premiums and broadening access to health care. And although the record gives no indication of the strength of M.R.'s claim, the repose statute gave M.R. a three-year grace period to bring her claim. In light of the compelling

18

public purpose and the three-year grace period, we overrule Rivera's challenge that the statute is unconstitutionally retroactive as applied.

## C. Response to the Dissent

The dissent would hold that the repose statute violates the open courts provision and is unconstitutionally retroactive. Regarding the open courts challenge, the dissent correctly observes that the open courts provision requires a "reasonable opportunity" to sue and may not make a remedy contingent on "an impossible condition." __ S.W.3d __, __ (Lehrmann, J., dissenting) (quoting *Stockton*, 336 S.W.3d at 617–18, and *Shah*, 67 S.W.3d at 842). But here, M.R. had three years to sue through Rivera, who hired a lawyer and sent pre-suit notice of the claim two years before the repose statute barred it. The statute afforded M.R. a reasonable opportunity to sue through her parent and did not impose an impossible condition. Thus, we disagree with the dissent that the as-applied challenge prevails.

The dissent also raises two additional arguments regarding the open courts challenge, neither of which is persuasive. First, the dissent contends we have never imputed a parent's due diligence to the minor child she represents. But we did precisely that three years ago in *Stockton*.[35] The dissent claims *Stockton* was different in that the parent there argued the statute was unconstitutional as applied "*to her*" because it was impossible for her to comply with the statutory deadline at issue. __ S.W.3d at __ (Lehrmann, J., dissenting) (quoting *Stockton*, 336 S.W.3d at 612). But in *Stockton*, the parent's failure to use due diligence to comply with the statutory procedure barred her minor

---

[35] 336 S.W.2d at 612.

19

child's claim. 336 S.W.3d at 612. Here, the parent's failure to use due diligence to comply with the statute's procedure barred her minor child's claim. There is no legal difference between *Stockton* and this case.

Second, the dissent believes that imputing a guardian's lack of diligence to a ward in *Yancy* is materially different from imputing a parent's lack of diligence to a minor child and warrants a different result. But the dissent cites no authority for that proposition, and for a good reason. We have previously observed that "[t]raditionally the interests of minors, incompetents, and other helpless persons are viewed in law as substantially similar, and both the substantive law and the rules of procedure accord them comparable treatment." *Tinkle*, 730 S.W.2d at 166. We see no reason to treat parents of minor children differently than guardians of wards in this circumstance.

Finally, the dissent concludes that the repose statute is unconstitutionally retroactive as applied to M.R. This conclusion stems from its interpretation of *Weiner* that inquiring into whether a particular parent was incompetent or possessed a conflict of interest is an unworkable standard. *Weiner* did not involve a retroactivity challenge, and retroactivity challenges are, by definition, as-applied constitutional challenges. They examine only the position of the party raising the challenge. The more difficult plight of a different or hypothetical litigant will not save a litigant's as-applied challenge. Or as we observed in *Yancy*, "there is no need to strike [a statute] down because it might operate unconstitutionally in another case." 236 S.W.3d at 786. Our courts have had little difficulty examining the particular circumstances of those raising retroactivity challenges, and we are confident in their ability to continue to do so.

20

### III. Conclusion

In sum, we uphold the Medical Liability Act's ten-year statute of repose against Rivera's as-applied constitutional challenges on open courts and retroactivity grounds. Rivera fails to meet this requirement because she was aware of M.R.'s claim one year into her three-year period to bring the claim but waited over six-and-a-half additional years to file suit. Rivera's retroactivity challenge also fails because a compelling public purpose justified the legislation and granted Rivera a three-year grace period to file suit. Because the court of appeals found in favor of Rivera on her open courts challenge, we reverse the court of appeals' judgment and render judgment that Rivera take nothing.

_____
Eva M. Guzman
Justice

**OPINION DELIVERED:** August 22, 2014