

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-15-00068-CV

_____

DONAL TURNER, Appellant

V.

CHRISTUS ST. MICHAEL HEALTH SYSTEM, Appellee

On Appeal from the 102nd District Court
Bowie County, Texas
Trial Court No. 15C0448-102

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Chief Justice Morriss

## MEMORANDUM OPINION

On September 1, 2012, in the emergency department of Christus St. Michael Health System ("Hospital"), Donal Turner's broken left wrist was placed in a splint, and he was released. Turner filed suit against the Hospital April 6, 2015, after admittedly discovering, on March 28, 2014, that his treatment was allegedly improper and he had allegedly received improper instructions at the time of his discharge by the Hospital. From a summary judgment premised on limitations, Turner appeals. We affirm the judgment of the trial court, because (1) the discovery rule does not extend limitations of a health care liability claim, (2) no summary judgment evidence of fraudulent concealment exists to extend limitations, (3) continuing treatment does not extend limitations on Turner's claim, and (4) as a matter of law, Texas' Open Courts provision was not violated.

In our review of a summary judgment, we must resolve any doubts against the moving party, viewing the evidence in the light most favorable to the nonmoving party and taking that evidence as true. *Shah v. Moss*, 67 S.W.3d 836, 842 (Tex. 2001). The Hospital, to obtain a summary judgment, was required to demonstrate its entitlement to summary judgment as a matter of law, that is, it had to establish that no genuine issues of material fact existed. *See* TEX. R. CIV. P. 166a(c); *Provident Life & Acc. Ins. Co. v. Knott*, 128 S.W.3d 211, 215–16 (Tex. 2003). The Hospital's burden also included conclusively establishing its limitations defense. *Knott*, 128 S.W.3d at 220; *Delgado v. Burns*, 656 S.W.2d 428 (Tex. 1983). We conclude that it did so.

*(1)      The Discovery Rule Does Not Extend Limitations of a Health Care Liability Claim*

While Turner claims that a fact issue exists concerning when he knew or reasonably should have known of his cause of action, the Hospital asserts that health care liability claims do not

support the discovery rule. Here, the applicable statute of limitations excludes application of the discovery rule.

The summary judgment evidence establishes, without dispute, that Turner's claim is a health care liability claim and that the Hospital began and ended its treatment of Turner September 1, 2012.

Here, the controlling statutory language is that "no health care liability claim may be commenced unless the action is filed within two years from the occurrence of the breach or tort . . . ." TEX. CIV. PRAC. & REM. CODE ANN § 74.251(a) (West 2011). Given that the Hospital's malpractice occurred, if at all, September 1, 2012, the two-year limitations period began to run at that time. *See Shah*, 67 S.W.3d at 841. No discovery rule operates to extend limitations under Section 74.251. *Walters v. Cleveland Reg'l Med. Ctr.*, 307 S.W.3d 292, 298 n.28 (Tex. 2010); *see Morrison v. Chan*, 699 S.W.2d 205, 207–08 (Tex. 1985) (absent violation of open courts provision, discovery rule not available in medical negligence suits).

Therefore, limitations would bar Turner's claim filed more than two years after his visit to the Hospital, unless he can succeed on one or more of his arguments discussed below.

*(2)    No Summary Judgment Evidence of Fraudulent Concealment Exists To Extend Limitations*

Turner asserts that there was a fact issue that the Hospital fraudulently concealed its wrong. The Hospital responds that Turner never pled fraudulent concealment and never presented any evidence of fraudulent concealment sufficient to extend limitations.

Fraudulent concealment of medical negligence can relieve a claimant of a limitations problem. *Shah*, 67 S.W.3d at 841. To establish a fraudulent-concealment claim, Turner must

3

show that the Hospital actually knew a wrong occurred, had a "fixed purpose" to conceal it, and did conceal it from Turner. *See id*.; *Earle v. Ratliff*, 998 S.W.2d 882, 887 (Tex. 1999).

For Turner to avoid summary judgment on limitations grounds on his fraudulent-concealment claim, he must have raised a fact issue that would support the claim. *See Shah*, 67 S.W.3d at 841; *Earle*, 998 S.W.2d at 888. To raise a fact issue on fraudulent concealment, Turner must have submitted summary judgment evidence that the Hospital knew Turner had received substandard medical care or that he had been misinformed and that it had concealed one or both of those failures with a purpose to deceive him. *See Shah*, 67 S.W.3d at 846; *Earle*, 998 S.W.2d at 888. While Turner claims to have argued fraudulent concealment to the trial court, he cites no evidence that the Hospital knew of its alleged malpractice in treatment or in instruction of its patient or that it concealed those alleged facts from Turner. We find no such evidence.

Fraudulent concealment fails as a bar to the summary judgment.

*(3)* *Continuing Treatment Does Not Extend Limitations on Turner's Claim*

Turner claims that limitations was extended, under the statute, because the record demonstrates that Turner's wrist was still being treated until March 2014. He reasons that Section 74.251(a) of the Texas Civil Practice and Remedies Code explicitly allows such an extension of the limitations period in his case. We disagree.

Turner's argument seeks to make use of the statutory language allowing suit to be filed "within two years from the occurrence of the breach or tort or from the date the medical or health care treatment that is the subject of the claim or the hospitalization for which the claim is made is completed . . . ." TEX. CIV. PRAC. & REM. CODE ANN § 74.251(a). That language has been

4

interpreted to mean that limitations runs from the end of treatment or hospitalization if the date of the wrong cannot be ascertained, but that, if the date of the wrong is ascertainable, the date of the wrong will control and will forestall any extension by that later treatment or hospitalization. *Shah*, 67 S.W.3d at 841, 842–43; *Earle*, 998 S.W.2d at 886.

Here, the evidence is clear that the Hospital was involved on only one date, September 1, 2012, the only day of its treatment of Turner. Because that date is readily ascertainable, the two-year limitations period ran from that date and expired September 1, 2014.

*(4)* *As a Matter of Law*, *Texas' Open Courts Provision Was Not Violated*

Turner also claims that the two-year limitations period set up by Section 74.251 denied him a reasonable opportunity to discover the wrong and bring suit and therefore violates the Open Courts provision in the Texas Constitution. The Hospital responds that the summary judgment evidence demonstrates that Turner had a reasonable opportunity to discover the alleged wrong and sue within the limitations period.

Persons that bring common-law claims will not unreasonably or arbitrarily be denied access to the courts. TEX. CONST. art. 1, § 13. If a statute unreasonably or arbitrarily abridges a right to pursue a claim, it is unconstitutional in denying the claimant the open courts of this state. *Earle*, 998 S.W.2d at 889; *Jennings v. Burgess*, 917 S.W.2d 790, 793 (Tex. App.—San Antonio 1996, writ granted). To be constitutional, the statutory scheme must afford a claimant a reasonable opportunity to discover the wrong and bring suit. *Neagle v. Nelson*, 685 S.W.2d 11, 12 (Tex. 1985).

5

To pursue an Open Courts claim in a health care liability case, the claimant must first show a common-law claim that the statute restricts. *See Jennings*, 917 S.W.2d at 793. He or she must then show that the restriction is unreasonable or arbitrary when balanced against the statute's purpose and basis. *Jennings*, 917 S.W.2d at 793; *Sax v. Vottler*, 648 S.W.2d 661, 666 (Tex. 1983). Here, there is no Open Courts violation if Turner had a reasonable opportunity to discover the alleged wrong and bring suit before the limitations period expired. *See Shah*, 67 S.W.3d at 841–42.

The Texas Supreme Court's discussion in *Shah* is instructive regarding the due diligence that must be present to support a successful Open Courts claim. *Shah*, 67 S.W.3d at 847. There, after eye surgery, the claimant's vision problems developed and continued for more than a year, even after a second surgery. *Id.* The high court held that the summary-judgment evidence established the claimant's failure to seize the reasonable opportunity he had to discover the alleged wrong and bring suit within the two-year limitations period. *Id.* Therefore, ruled the court, the claimant raised no fact issue "that he did not have a reasonable opportunity to discover the alleged wrong and bring suit within the limitations period or that he sued within a reasonable time after discovering the alleged wrong." *Id.*

On this series of events, Turner bore the burden to raise a fact issue demonstrating that he was denied such a reasonable opportunity to discover the Hospital's alleged wrong and bring suit before September 1, 2014. *See Walters*, 307 S.W.3d at 295; *Shah*, 67 S.W.3d at 846–47.

The summary-judgment evidence establishes three dates that are relevant to our analysis of Turner's Open Courts claim, September 10, 2012, March 25, 2013, and March 28, 2014.

The first two dates come from a letter of Dr. Jeffrey T. DeHaan, who saw Turner September 10, 2012, just nine days after Turner's visit to the Hospital. DeHaan's letter reports that his examination that day revealed a "very tight splint" on Turner's arm resulting in what DeHaan observed to be gross swelling and blistering of his hand and extreme bruising of the radial nerve, prompting DeHaan to do prompt surgery to repair the displaced fracture and to decompress Turner's median nerve. The DeHaan diagnosis and surgery occurred almost two full years before limitations ran on Turner's claim against the Hospital. While there is nothing explicit in the evidence that Turner knew then that there was something wrong with his treatment by the Hospital, it is difficult to imagine that he was not then on notice of a problem. DeHaan's follow-up letter was produced some seventeen months before limitations ran, pretty clearly setting out the problem.

DeHaan's letter noted that, after an accident in late August or early September, Turner was seen in the emergency room "where a very tight splint was placed." DeHaan observed that Turner's September 10 condition included "a grossly swollen hand and blistering in the ulnar and 1st web space of the hand," that his "median nerve was extremely ecchymotic [bruised,]" but "not disrupted," and that Turner also had "a displaced distal radius fracture." The letter noted that Turner was taken to surgery where the "fracture was repaired" and the "median nerve was decompressed." The letter added that, on follow up, Turner's bone and the "blistering and ulcers" have healed but that Turner still has "significant median and ulnar nerve deficits" resulting in "a fairly stiff hand." Finally, DeHaan noted in the letter that Turner was referred to a "hand specialist" in Tyler, Texas, who had the capability of doing "reconstructive hand surgery and/or median or ulnar nerve grafting."

7

Turner admitted that, on the third date, March 28, 2014, he was informed that the Hospital's "improper cast placement could have contributed to [his] injuries." That date was five months before limitations ran.

Delays of four months, seventeen months, and twenty-two months have been held, as a matter of law, to preclude the finding of due diligence essential to a successful Open Courts claim in a pre-deadline discovery of a claim. *Tenet Hosps., Ltd. v. Rivera*, 445 S.W.3d 698, 704 (Tex. 2014).

At the very least, Turner had five months from his admitted discovery of the problem with his treatment by the Hospital—and may have discovered the problem as much as seventeen or even twenty-three and two-thirds months—before limitations ran, to file his claim within the limitations period. That information, as a matter of law, precludes an Open Courts challenge to the two-year limitations period applicable to his health care liability claim against the Hospital. *See id.*

The summary judgment was proper. We affirm the trial court's judgment.


Josh R. Morriss, III
Chief Justice

Date Submitted:     April 7, 2016
Date Decided:       April 28, 2016

8