# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-23-00388-CV

### In re Commitment of Michael David Byrum

### FROM THE 26TH DISTRICT COURT OF WILLIAMSON COUNTY
### NO. 21-1063-C26, THE HONORABLE DONNA GAYLE KING, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

In this civil commitment proceeding, the State petitioned to have appellant, Michael David Byrum, declared a sexually violent predator under the Civil Commitment of Sexually Violent Predators Act (the Act). *See* Tex. Health & Safety Code §§ 841.001-.209. After a jury found beyond a reasonable doubt that Byrum was a sexually violent predator under the Act, the trial court rendered a final judgment and an order of civil commitment. Byrum raises three issues on appeal: (1) the evidence is legally and factually insufficient to support a finding that Byrum "meets the legislatively intended definition of 'behavioral abnormality,'" (2) the trial court erred by refusing to include a "non-unanimous verdict instruction in its charge to the jury," and (3) under the Texas Supreme Court's decision in *In re Commitment of Stoddard*, the Act is unconstitutional, both facially and as applied to Byrum. *See In re Commitment of Stoddard*, 619 S.W.3d 665 (Tex. 2020). We will affirm.

## BACKGROUND

In November 2000, Byrum pleaded guilty to one count of indecency with a child by contact in 1998 and one count of aggravated sexual assault of a child in 1999. *See* Tex. Penal Code §§ 21.11(a)(1); 22.021. The court assessed Byrum's punishment at, respectively, fifteen years' and thirty years' confinement in the Institutional Division of the Texas Department of Criminal Justice (TDCJ) and ordered the sentences to run concurrently.

Before Byrum was scheduled to be released from TDCJ, the State filed a petition in Williamson County district court to civilly commit Byrum as a sexually violent predator under the Act, alleging that he was a repeat sexually violent offender who suffers from a behavioral abnormality that makes him likely to engage in a predatory act of sexual violence. *See* Tex. Health & Safety Code § 841.003(a). The trial court determined that Byrum was indigent and appointed him counsel. Two witnesses testified at trial: Dr. Michael Arambula, the State's expert witness, and Byrum. A unanimous jury found that Byrum is a sexually violent predator, and the trial court rendered a final judgment and order of civil commitment accordingly. *See id.* §§ 841.062(b) (jury determination that person is predator); .081 (order on civil commitment of predator). This appeal followed.

## DISCUSSION

*Evidentiary sufficiency challenge*

A sexually violent predator is a person who (1) is a repeat sexually violent offender and (2) suffers from a behavioral abnormality that make the person likely to engage in a predatory act of sexual violence. *Id.* § 841.003(a). A "behavioral abnormality" is "a congenital or acquired condition that, by affecting a person's emotional or volitional capacity, predisposes

2

the person to commit a sexually violent offense, to the extent that the person becomes a menace to the health and safety of another person." *Id.* § 841.002(2). The State must prove beyond a reasonable doubt that the person it seeks to civilly commit is a sexually violent predator. *Id.* § 841.062.

When reviewing a legal-sufficiency challenge to the evidence in a sexually violent predator case, we assess all of the evidence in the light most favorable to the verdict to determine whether a rational jury could find, beyond a reasonable doubt, each of the elements that the State must prove to support a judgment of civil commitment. *In re Commitment of Stoddard*, 619 S.W.3d at 674 (citing *In re J.F.C.*, 96 S.W.3d 256, 266 (Tex. 2002)). We may not disregard undisputed facts that do not support the finding. *Id.* When reviewing factual-sufficiency challenges to the evidence in sexually violent predator cases, we determine whether, in light of the entire record, the disputed evidence a reasonable fact finder could not have credited in favor of the verdict, along with undisputed facts contrary to the verdict, is so significant that the factfinder could not have found beyond a reasonable doubt that the statutory elements were met. *Id.* at 678. We must presume that the factfinder resolved disputed evidence in favor of the finding if a reasonable factfinder could do so. *Id.* at 668. "If the remaining evidence is so contrary to the finding that the factfinder could not have determined beyond a reasonable doubt that its finding was true, the evidence is factually insufficient to support the verdict." *Id.*[1]

---

[1] As the Texas Supreme Court acknowledged, the possibility that the evidence in a particular case will be legally sufficient but factually insufficient essentially decreases as the burden of proof increases. *In re Commitment of Stoddard*, 619 S.W.3d 665, 676 (Tex. 2020) (citing *In re Commitment of Day*, 342 S.W.3d 193, 213 (Tex. App.—Beaumont 2011, pet. denied)).

In his first issue, Byrum claims that the evidence is legally and factually insufficient to support the jury's finding that he is a sexually violent predator. Specifically, Byrum contends that because the evidence conclusively establishes that he is not "an extremely dangerous" sex offender, the evidence is legally and factually insufficient to support a finding that he "meets the legislatively intended definition of 'behavior abnormality.'" Byrum argues that there can be no finding that he is a sexually violent predator within the meaning of the Act without evidence that he is "extremely dangerous," because the legislative findings in section 841.001 demonstrate the legislature's intent that the Act apply only to a "small but extremely dangerous group" of sexually violent predators. *See* Tex. Health & Safety Code § 841.001 (setting forth legislative finding that civil commitment procedure for sexually violent predators is necessary and in interest of state because of existence of small but extremely dangerous group of sexually violent predators with behavioral abnormality that is not amenable to traditional mental illness modalities and that makes them likely to engage in repeated predatory acts of sexual violence and for whom existing involuntary commitment procedures of Texas Health and Safety Code are inadequate to address risk they pose to society). Relying on the legislative finding stated in section 841.001, Byrum argues that the absence of evidence that he is part of a small but extremely dangerous group of persons who are not amenable to traditional treatment causes the evidence to be legally and factually insufficient to support the jury's finding that he is a sexually violent predator under the Act. The legislative findings stated in section 841.001, however, are not elements of the sexually violent predator determination that the State must prove to secure a finding that a person is a sexually violent predator. *See In re Commitment of Stoddard*, 619 S.W.3d at 677 ("This 'small but extremely dangerous group' language, contained in the Act's legislative findings, is not part of the statute's definition of 'sexually violent predator' and

4

was not an element the jury was required to find." (citing *In re Commitment of Johnson*, No. 05-17-01171-CV, 2019 WL 364475, at \*8 (Tex. App.—Dallas Jan. 30, 2019, no pet.) (mem. op.))).

The legislature specifically defined the relevant term—"sexually violent predator"—as a "repeat sexually violent offender" who "suffers from a behavioral abnormality that makes the person likely to engage in a predatory act of sexual violence." Tex. Health & Safety Code § 841.003(a). The legislature also specifically defined "behavior abnormality" and "predatory act," and neither of those definitions references the language used in the legislative findings in section 841.001. Nor do the definitions refer to the inappropriateness of traditional mental illness treatment modalities as an element of the definitions. *See id.* § 841.002(2), (5) (defining "behavioral abnormality" and "predatory act," respectively). The Act does not include any reference to a small but extremely dangerous group of people who are not amenable to traditional mental illness treatment in its definitions of "sexually violent predator," "behavioral abnormality," or "predatory act." Whether Byrum is a member of the group mentioned in the legislature's statutory findings is not an element of the sexually violent predator determination that the State was required to prove. *See In re Commitment of Williams*, 539 S.W.3d 429, 438 (Tex. App.—Houston [1st Dist.] 2017, no pet.) (holding that "[t]he Act plainly provides the elements for a sexually violent predator determination" in sections 841.062(a), 841.003(a), and 841.002, not in section 841.001). The absence of evidence related to the legislative findings does not render legally or factually insufficient the evidence supporting the jury's finding that Byrum is a sexually violent predator. *See In re Commitment of Stoddard*, 619 S.W.3d at 678 (Act does not require State to prove that defendant is "the worst of the worst").

The State asserts that Byron does not challenge the legal or factual sufficiency of the evidence to meet the statutory definitions of "sexually violent predator," "repeat sexually

violent offender," or "behavioral abnormality" and the jury's findings on those elements. Because these were the only elements or definitions that the State was required to prove, the State contends that Byrum's sufficiency issues should be overruled, as he attacks and focuses only on matters that were not required to be established. We agree.

There is no indication in the record that the trial court's charge included any mention of or reference to the legislative findings language emphasized by Byrum, such as "small but extremely dangerous group," or "traditional treatment modalities." *See Golden Eagle Archery, Inc. v. Jackson*, 116 S.W.3d 757, 762 (Tex. 2003) (holding that, to obtain clear understanding of pertinent evidence, starting point of sufficiency review is trial court's charge and accompanying instructions). Here, Byrum did not request that this language be included in the charge. Further, the jury was not asked to answer any question, because none was submitted in the charge, that pertained to any of those phrases. The record shows that only the proper statutory definitions were submitted in the charge, and the jury, after considering these definitions and the evidence presented, returned a verdict that Byrum is a sexually violent predator. Because Byrum does not contest that the evidence was insufficient to support the jury's findings based on the submitted statutory definitions, he does not present a sufficiency challenge for our review.

Even assuming Byrum had properly presented a sufficiency challenge, we hold that the evidence, applying the legal and factual sufficiency standards set forth above, is sufficient to support the jury's verdict that Byrum is a sexually violent predator. The State presented testimony of Dr. Arambula, an expert witness who opined that Byrum suffers from a behavioral abnormality within the meaning of the Act. Byrum did not offer any conflicting expert witness testimony. In his testimony, Dr. Arambula detailed his training and experience

6

and explained the statutory definition of "behavioral abnormality" for the jury. Based on his expertise—his education, training, experience, and methodology—he opined that Byrum suffers from a behavioral abnormality within the meaning of the Act. That abnormality consists of Byrum's sexual deviance, substance abuse, and antisocial personality. In making this determination, Dr. Arambula considered both Byrum's convictions for sexual offenses and other sexual offenses he committed that did not result in convictions. Dr. Arambula noted that Byrum's two convictions involved acts of sexual violence against children; that Byrum was almost twenty years older than his victims; and that there were many allegations of similar conduct involving grooming and sexually assaulting boys in the age range of 13 to 15 when Byrum was in the age range of 25 to 35. Dr. Arambula noted that, in one instance representative of others, Byrum identified a child victim as a "lonely child" and "sized him up as someone he could take under his wing, gain his trust, and groom him for ulterior purposes other than to be a mentor." Dr. Arambula stated that Byrum had a pattern of looking to children for sexual activity rather than to people his age, which indicated sexual deviance.

In his testimony, Byrum stated that from age 23 until his convictions at age 35, he had relationships with at least twelve boys in the age range of 12 to 15. Byrum testified that he provided drugs and alcohol to each of these boys and admitted to grooming at least one of the boys with the hope of future sexual activity. Despite the boys' statements to law enforcement that Byrum had engaged or attempted to engage in sexual activity with them, Byrum denied, with one exception, that he engaged in sexual activity with any of them. Byrum did admit to the sexual conduct that resulted in his conviction for aggravated sexual assault, but for years took the position that he was "set up" by the twelve-year-old boy, who he claimed initiated the encounter. Byrum claimed that in early 2022, through therapy, he realized that, in fact, the

7

boy was victimized by him. The State presented evidence contradicting Byrum's testimony, including a recording of a telephone conversation between Byrum and his mother in February 2022 during which he blamed the boy for the encounter. Dr. Arambula found it significant that Byrum continued to pursue young boys in the face of significant social consequences, including fights with the boys' parents and criminal trespass charges being filed against him, and after he had been arrested for attempting to sexually assault a child. Dr. Arambula found it significant that Byrum rationalized his behavior toward several boys as "checking on their safety" and described Byrum's denial of the inappropriateness of his behavior as characteristic of sexually deviant people. Dr. Arambula diagnosed Byrum with unspecified paraphilia with pedophilic feature, a condition he stated can affect a person's emotional and volitional capacity and predispose a person to commit a sexually violent offense. Dr. Arambula pointed to Byrum's continued signs of this condition throughout his twenty-one years' incarceration during which he was disciplined for possession of photos of young boys in underwear or swimwear, and opined that Byrum's continued preoccupation with sex and his admitted "fetish for speedos and sexy underwear" and continuing attraction to young boys indicates that the condition is chronic. Byrum did not offer expert testimony to contradict Dr. Arambula's opinions. Byrum's own testimony confirmed a lifelong pattern of providing young boys with drugs and alcohol, of forming strong attachments to young boys and pursuing those attachments despite the objections of the boys' parents, and of denying or rationalizing his behavior. At trial Byrum described one of the 13-year-old boys for which he formed a strong attachment as a "pretty boy" and recounted his "underlying hope that whenever we were partying that maybe he would just, you know, get to a certain high where he'd say Okay, let's go ahead and have some fun, but there wasn't any expectation of it at any particular time."

Applying the appropriate standards, we hold that the evidence is legally and factually sufficient to support the jury's finding that Byrum is a sexually violent predator within the meaning of the Act. We overrule his first issue.

### *Jury charge error*

In his second issue, Byrum contends that the trial court erred by refusing to provide an instruction to the jury that unanimity was not required to find that Byrum was not a sexually violent predator. Put differently, Byrum argues that the court should have instructed the jury that it was not necessary for more than ten jurors to agree that he was not a sexually violent predator to return a "no" answer to the question in the charge asking if it "found beyond a reasonable doubt that [Byrum] is a sexually violent predator." Section 841.062 of the Act provides:

> (a) The judge or jury shall determine whether, beyond a reasonable doubt, the person is a sexually violent predator. Either the state or the person is entitled to appeal the determination.
>
> (b) A jury determination that the person is a sexually violent predator must be by a unanimous verdict.

Tex. Health & Safety Code § 841.062. Subsection (a) addresses the standard of proof for a sexually violent predator finding, while subsection (b) addresses juror agreement. Under subsection (b), for a jury to find that a person is a sexually violent predator, the jury must do so unanimously. *Id.* § 841.062(b). Subsection (b), however, addresses only the number of votes needed for a "yes" verdict, i.e., a verdict for the State finding "that the person is a sexually violent predator." *Id.* Subsection (b) says nothing about the number of votes needed for a "no" verdict, i.e., a verdict for the defendant declining to find that the defendant is a sexually violent

9

predator.[2] The Texas Supreme Court has held that, while a unanimous verdict is required to find that a defendant is a sexually violent predator, "only ten votes are necessary to reach a verdict for the defendant declining to find that the defendant is a [sexually violent predator]." *In re Commitment of Jones*, 602 S.W.3d 908, 913 (Tex. 2020) (per curiam) (rejecting State's argument that a unanimous jury is required to return both "yes" and "no" verdicts). "Consequently, a defendant who requests that the jury be instructed to that effect is entitled to the submission of such an instruction." *Id.* at 914. The supreme court found it was reversible error when the trial court declined to submit a requested instruction explaining that a unanimous verdict was required to answer "yes" to the sexually violent predator question, but that only ten out of twelve votes were required to answer "no" and, instead, instructed the jury that "all 12 of the jurors must agree upon the answer made and to the verdict" and did not distinguish between "yes" and "no" answers. *Id.*

In the present case, the jury was asked to answer one question: "Do you find beyond a reasonable doubt that [Byrum] is a sexually violent predator?" The trial court instructed the jury that: "Your answer must be unanimous. This means all 12 jurors must agree that the answer to the question is 'yes' or 'no'." This was an erroneous instruction. *See id.* On appeal, Byrum argues that the trial court erred in refusing his requested instruction explaining that only ten out of twelve jurors were required to answer "no." The State counters that Byrum waived this argument by "failing to include a 10-juror instruction in his proposed charge" or by not objecting to the court's proposed charge. As an initial matter, the clerk's record includes a

---

[2] In a civil commitment proceeding under the Act, a "no" verdict reflects a jury's determination that the State failed to prove beyond a reasonable doubt that the defendant is a sexually violent predator. *In re Commitment of Jones*, 602 S.W.3d 908, 912 n.5 (Tex. 2020) (per curiam).

proposed charge filed by Byrum four days before trial that includes an instruction that: "A 'no' answer may be made if ten jurors agree to it." Even if this filing preserved Byrum's complaint about the charge, however, we would not be able to sustain his issue because any error would be harmless. *See* Tex. R. App. P. 44.1(a) (providing that trial court's error is reversible only if it is harmful). The Texas Supreme Court has instructed that, for the purpose of conducting a harm analysis in a circumstance when, as here, the jury returns a unanimous verdict, we must "presume that the jurors voted the way they did because they were conscientiously convinced of the result they reached." *In re Commitment of Jones*, 602 S.W.3d at 915. The supreme court further stated that when "members of the jury unanimously came to the conclusion that [the defendant] is a [sexually violent predator], an instruction explaining that a vote of ten of the jurors was sufficient for a verdict declining to find that [the defendant] is a [sexually violent predator] would not have changed the outcome of the case." *Id.* As in *Jones*, because the jury in this case voted unanimously for a "yes" verdict, "we must presume, for the purpose of our harm analysis regarding the erroneous instruction, that the jurors voted the way they did because it was their conscientious conviction." *Id.* Because the jury's unanimous verdict makes it apparent that the trial court's failure to submit the requested 10-2 instruction did not probably cause the rendition of an improper judgment, the trial court's error was harmless. *Id.* We overrule Byrum's second issue.

### Constitutional challenge

In his third issue, Byrum presents both a facial and as-applied challenge to the constitutionality of the Act. He asserts that, if we reject his interpretation of the Act in favor of that mandated by the supreme court in *In re Commitment of Stoddard*, the Act is necessarily

11

unconstitutional. As an initial matter, we have reviewed the record and have found no indication that Byrum preserved either constitutional challenge for our review. *See In re Commitment of Fisher*, 164 S.W.3d 637, 654-55 (Tex. 2005); *see also* Tex. R. App. P. 33.1. Absent a recognized exception, even constitutional challenges are waived if not presented to the trial court. *See Fisher*, 164 S.W.3d at 654, 656; *In re L.M.I.*, 119 S.W.3d 707, 711 (Tex. 2003) (applying Rule 33.1 to facial due process challenge). Nonetheless, even if Byrum need not have preserved this issue for our review, his challenges still fail. *See Fisher*, 164 S.W.3d at 654-55 & n.15.

When reviewing the constitutionality of a statute, we presume that the statute is valid, and that the legislature was neither unreasonable nor arbitrary in enacting it. Tex. Gov't Code § 311.021; *Tenet Hosps. Ltd. v. Rivera*, 445 S.W.3d 698, 701 (Tex. 2014). A facial challenge asserts that a statute, by its terms, always operates unconstitutionally. *Tenet Hosps. Ltd.*, 445 S.W.3d at 702 (citing *United States v. Salerno*, 481 U.S. 739, 745 (1987)). An as-applied challenge asserts that a statute, while generally constitutional, operates unconstitutionally as to the specific claimant who raises the issue because of his particular circumstances. *Id.* (citing *City of Corpus Christi v. Public Util. Comm'n*, 51 S.W.3d 231, 240 (Tex. 2001)).

To prevail on his facial constitutional challenge, Byrum bears the heavy burden of showing that the Act is unconstitutional in every possible application. *Fisher*, 164 S.W.3d at 655 (citing *Village of Hoffman Ests. v. Flipside, Hoffman Ests., Inc.*, 455 U.S. 489, 494-95 (1982)). Byrum contends that the Act's "behavioral abnormality" element violates the due process rights of all persons who are committed under the Act. According to Byrum, the Act violates due process because the challenged statutory language does not sufficiently limit the applicability of the Act. *See* Tex. Health & Safety Code § 841.003(a)(2); *In re Commitment of Stoddard*,

12

619 S.W.3d at 678. We have previously rejected Byrum's argument that due process requires that we adopt his construction of the Act. *See In re Commitment of Solis*, No. 03-21-00373-CV, 2022 WL 3903132, at \*6 (Tex. App.—Austin Aug. 31, 2022, no pet.) (mem. op.).

Byrum raises the same concern in his as-applied challenge; he reiterates that if "behavioral abnormality" means simply that a person is "likely" or has some "likelihood" to offend, as the Texas Supreme Court has held, the Act is unconstitutional, both facially and as applied to his case. Because the supreme court in *In re Commitment of Stoddard* rejected the very arguments and challenge that Byrum raises here, so do we. Accordingly, we overrule Byrum's third issue.

## CONCLUSION

Having overruled each of Byrum's three appellate issues, we affirm the trial court's judgment and order of commitment.

_____

Chari L. Kelly, Justice

Before Justices Triana, Kelly, and Crump

Affirmed

Filed: May 21, 2025

13