ACCEPTED
01-14-00984
FIRST COURT OF APPEALS
HOUSTON, TEXAS
3/20/2015 11:38:59 AM
CHRISTOPHER PRINE
CLERK

### NO. 01-14-00984-CV

IN THE COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
3/20/2015 11:38:59 AM
CHRISTOPHER A. PRINE
Clerk

_____

### TIFFANY THOMAS

*Appellant,*

*v.*

### T. JAYAKUMAR, M.D., FIRST STREET HOSPITAL, LLC
### AND FIRST SURGICAL PARTNERS, LLC,

*Appellees.*

_____

On Appeal from the 334th Judicial District Court
Harris County, Texas
Trial Court Cause No. 2014-22071

_____

### BRIEF OF APPELLEE, T. JAYAKUMAR, M.D.

_____

**SMITH ADAMS LAW FEEHAN LLP**
**Michael C. Feehan**
State Bar No. 06873300
Mike@SmithAdamsLaw.com
**Stephanie A. Sanders**
State Bar No. 24055315
Stephanie@SmithAdamsLaw.com
1415 Louisiana Street, Suite 3800
Houston, Texas 77002-7360
P: (713) 652-3200
F: (713) 652-6000
**ATTORNEYS FOR APPELLEE**
**T. JAYAKUMAR, M.D.**

**Oral Argument requested pursuant to Local Rule 7 and Tex. R. App. P. 39
only should Appellant request/be granted Oral Argument**

# IDENTITY OF PARTIES AND COUNSEL

**A<small>PPELLANT</small>/P<small>LAINTIFF</small>:**

**Tiffany Thomas**

Counsel:                      **Jorge Borunda**
State Bar No. 24027205
jborunda@radacklaw.com
Michael Trevino
State Bar No. 24070762
mtrevino@radacklaw.com
Orjanel Lewis
State Bar No. 24083667
olewis@radacklaw.com
R<small>ADACK AND</small> B<small>ORUNDA</small>, P.C.
1345 Campbell, Suite 220
Houston, Texas 77055
P:  (713) 795-8000
F:  (877) 234-4982

**A<small>PPELLEES</small>/D<small>EFENDANTS</small>:**

**T. Jayakumar, M.D.**

Counsel:                      Mike C. Feehan
State Bar No. 06873300
mike@smithadamslaw.com
Stephanie A. Sanders
State Bar No. 24055315
stephanie@smithadamslaw.com
S<small>MITH</small> A<small>DAMS</small> L<small>AW</small> F<small>EEHAN</small> LLP
1415 Louisiana, Suite 3800
Houston, Texas 77002
P:  (713) 652-3200
F:  (713) 652-6000

**First Street Hospital, LLC and First Surgical Partners, LLC**

Counsel:                    David Luningham
State Bar No: 12698850
dlluningham@watsoncaraway.com
Helena Venturini
State Bar No.: 24065082
hventurini@watsoncaraway.com
WATSON, CARAWAY, MIDKIFF & LUNINGHAM, LLP
1600 Oil & Gas Building
309 West 7th Street
Fort Worth, TX 76102
P: (817) 870-1717
F: (817) 338-4842

<u>**TRIAL JUDGE**</u>:

**Honorable Grant Dorfman**
334th Judicial District Court
201 Caroline, 14th Floor
Houston, Texas 77002

# TABLE OF CONTENTS

**IDENTITY OF PARTIES AND COUNSEL**................................................. ii

**REFERENCES TO THE PARTIES** ........................................................ vi

**REFERENCES TO THE RECORD** ....................................................... vi

**INDEX OF AUTHORITIES**.......................................................... vii, viii

**STATEMENT OF THE CASE**............................................................. ix

**STATEMENT REGARDING ORAL ARGUMENT** ......................................... xii

**RESPONSE TO ISSUES PRESENTED FOR REVIEW** ............................... xiii

**I. STATEMENT OF FACTS AND PROCEDURAL HISTORY** ......................1

**II. SUMMARY OF THE ARGUMENT** .................................................4

**III. ARGUMENT AND AUTHORITIES**...............................................7

    A. STANDARD OF REVIEW.........................................................**7**

    B. DEFENDANT HAS CONCLUSIVELY ESTABLISHED THE AFFIRMATIVE DEFENSE OF STATUTE OF LIMITATIONS ........................................**8**

    C. OPEN COURTS CHALLENGES IN HEALTH CARE LIABILITY CLAIMS................**10**

    D. PLAINTIFF FAILED TO MEET HER BURDEN TO DEMONSTRATE PRIMA FACIE CASE FOR APPLICATION OF THE OPEN COURTS PROVISION ...........................**12**

        1. *Plaintiff's Affidavit Shows on its Face that Her Claim is Barred*...........**12**

        2. *Plaintiff Failed to Raise a Fact Issue with Respect to the Applicability of the Open Courts Provision* ...............................................**14**

            a. Lack of financial resources ........................................**15**

            b. No requirement to investigate fact of injury ...............................**16**

            c. Frivolous litigation.................................................**20**

iv

**IV. CONCLUSION** ..................................................................................**22**

**V. PAYER**..................................................................................................**23**

**CERTIFICATE OF COMPLIANCE** .................................................**24**

**CERTIFICATE OF SERVICE** ...........................................................**25**

**APPENDIX**...............................................................................................**26**

## REFERENCES TO THE PARTIES

**Reference**                                    **Meaning**

Appellant/Plaintiff/("Thomas")                   Tiffany Thomas

Appellee/Defendant/("Jayakumar")                 T. Jayakumar, M.D.


## REFERENCES TO THE RECORD

The record in this appeal consists of the Clerks Record and First Supplemental

Clerk's Record. This Brief uses the following conventions in citing the record:

Original Clerks Record                  "CR. (page)"

1st Supplemental Clerks Record          "CR.Supp. (page)"

# INDEX OF AUTHORITIES

**TEXAS CONSTITUTION:**

TEX. CONST., ART. I, § 13 ..............................................................5, 10, 13


**STATUTES:**

TEX. CIV. PRAC. & REM. CODE § 74.051 (c) ......................................................2
TEX. CIV. PRAC. & REM. CODE § 74.251........................................ *passim*
TEX. CIV. PRAC. & REM. CODE § 74.251 (b)..................................................... 13


**RULES:**

TEX. R. APP. P. 9.4.........................................................................................24
TEX. R. APP. P. 9.7.........................................................................................xi
TEX. R. APP. P. 38..........................................................................................ix
TEX. R. APP. P. 38.1........................................................................................5
TEX. R. APP. P. 38.2........................................................................................ 26
TEX. R. APP. P. 39........................................................................................... i
TEX. R. APP. P. 39.1 ...................................................................................... xii
TEX. R. APP. P. 39.2 ...................................................................................... xii
TEX. R. APP. P. 39.7 ...................................................................................... xii


**CASES:**

*Adkins v. Tafel,*............................................................................. 18
    871 S.W.2d 289 (Tex. App.—Fort Worth 1994, no writ)
*Bala v. Maxwell,* ...........................................................................9
    909 S.W.2d 889 (Tex. 1995)
*Borderlon v. Peck,* ....................................................................... 14, 17
    661 S.W.2d 907 (Tex. 1983)
*Citizens First. Nat'l Bank* v. *Cinco Explorations,* ............................................ 7
    540 S.W.2d 292 (Tex. 1976)
*City of Houston v. Clear Creek Basin Authority,* ............................................7
    589 S.W.2d 671 (Tex. 1979)
*Cooper v. D&D G.C. of Gilmer, Inc.,*.................................................. 8
    187 S.W.3d 717 (Tex.App.—Tyler 2006, no pet.)
*Delgado v. Burns,* .......................................................................................7
    656 S.W.2d 428 (Tex. 1983)

*Desiga v. Scheffey,* ................................................................ 11
    874 S.W.2d 244 (Tex.App.─Houston [14th Dist.] 1994, no writ)

*Diamond v. Eighth Ave. 92, L.C.,* ...........................................8
    105 S.W.3d 691 (Tex.App.─Fort Worth 2003, no pet.)

*Gale v. Lucio,* .............................................................. 5, 7, 16
    445 S.W.3d 849 (Tex.App.─Houston [1st Dist.] 2014, pet. filed)

*HECI Exploration Co. v. Neel,* ............................................. 10
    982 S.W.2d 881 (Tex. 1998)

*Mendoza v. Murphy,* ............................................................ 11
    532 F.3d. 342 (5th Cir. 2008)

*Moreno v. Sterling Drug, Inc.,* ...................................... 14, 17
    787 S.W.2d 348 (Tex. 1990)

*Morrison v. Chan,* .................................................................9
    699 S.W.2d 205 (Tex. 1985)

*Natividad v. Alexsis, Inc.,* .....................................................7
    875 S.W.2d 695 (Tex. 1994)

*Neagle v. Nelson,* ................................................................ 11
    685 S.W.2d 11 (Tex. 1985)

*O'Reilly v. Wiseman,* .................................................. 11, 12, 20
    107 S.W.3d 699 (Tex.App.─Austin 2003, pet. denied)

*Provident Life & Accident Ins. Co. v. Knott,* ....................... 7
    128 S.W.3d 211 (Tex. 2003)

*Sax v. Votteler,* ................................................................... 11
    648 S.W.2d 661 (Tex. 1983)

*Shah v. Moss,* .................................................................. 7, 8
    67 S.W.3d 836 (Tex. 2001)

*Stockton v. Offenbach,* ...................................................... 11
    336 S.W.3d 610 (Tex. 2011)

*Tenet Hosps. Ltd. v. Rivera,* ....................................... 13, 15, 22
    445 S.W.3d 698 (Tex. 2014)

*Thompson v. Pate,* .............................................................. 11
    69 S.W.3d 743 (Tex.App.─El Paso 2002, no pet.)

*Walters v. Cleveland Reg'l Med Ctr.,* ................................ 21
    307 S.W.3d 292 (Tex. 2010)

*Wheeler v. Methodist Hosp.,* .................................................5
    95 S.W.3d 628 (Tex.App.─Houston [1st Dist.] 2002, no pet. h.)

*Winston v. Peterek,* ...............................................................8
    132 S.W.3d 204 (Tex.App.─Houston [14th Dist.] 2004, pet. denied)

*Yancy v. United Surgical Ptnrs. Int'l, Inc.,* ............ 7, 10, 11, 12, 15
    236 S.W.3d 778 (Tex. 2007)

TO THE HONORABLE JUSTICES OF THE FIRST COURT OF APPEALS:

Appellee, T. Jayakumar, M.D., respectfully submits this brief in accordance with TEX. R. APP. P. 38 and all Local Rules of this Court in support of the affirmance of the trial court's decision granting Appellee's Motion for Summary Judgment on the grounds that Plaintiff-Appellant's health care liability claim is time-barred by the applicable statute of limitations, § 74.251, Texas Civil Practice and Remedies Code. In support of affirming the trial court's judgment, Appellee would respectfully show the Court as follows:

## STATEMENT OF THE CASE

**Nature of the Case:**

This is a health care liability claim involving care and treatment received by Plaintiff, Tiffany Thomas ("Thomas"), in connection with gastric bypass surgery at First Street Hospital on November 14, 2011.

This appeal arises from Summary Judgment granted in favor of Appellees, T. Jayakumar, M.D. ("Jayakumar") and First Street Hospital and First Street Surgical Partners, LLC (hereinafter, collectively "First Street"), on the affirmative defense of statute of limitations. As Appellant failed to raise a fact question with respect to the applicability of the Open Courts provision, summary judgment was properly granted.

**Course of Proceedings:**

On April 21, 2014, Thomas filed her health care liability claim in the 334th District Court of Harris County, Texas. (CR. 4). Defendants first received a notice of the claim and medical authorization pursuant to Chapter 74.051 and 74.052 on February 20, 2014. (CR. 60) On May 29, 2014, Jayakumar filed his Original Answer and Jury Demand. (CR.Supp. 3, 11)

**Trial Court Disposition:**

On June 13, 2014, Jayakumar filed his Motion for Summary Judgment based on the medical liability statute of limitations affirmative defense. (CR. 21) On June 16, 2014, Thomas filed her First Amended Petition, and for the first time pled the discovery rule and the Open Courts provision of the Texas Constitution. (CR. 35) Thomas filed her Response to Appellees' Motions for Summary Judgment on August 22, 2014. (CR. 67) Judge Dorfman granted Jayakumar and First Street's Motions for Summary Judgment, dismissing Thomas' claims with prejudice, and issued a detailed opinion and order dated October 29, 2014.[1] (CR. 170)

On December 1, 2014, Plaintiff filed her Notice of Appeal. (CR. 177)

**Joinder and Adoption by Reference:**

In addition to the Arguments and Authorities set forth below in this Brief of Appellee, Jayakumar joins and adopts by reference the Arguments and Authorities

---

[1] A copy of the Order is attached to Appellee's Brief as Appendix Tab 1.

submitted on behalf of Appellees, First Street Hospital, LLC and First Surgical

Partners, LLC, pursuant to Texas Rule of Appellate Procedure 9.7.

## STATEMENT REGARDING ORAL ARGUMENT

Appellee, Jayakumar, believes that the law controlling this case is well-established, and that briefing the Court on the issues presented suffices to support an affirmance of the trial court's judgment. However, to the extent that Appellant requests and is granted oral argument, and to the extent the Court finds that consideration of the issues presented by this appeal may be assisted or advanced by the presence of Appellee's counsel before the Court to comment upon the issues and to respond to the Court's inquiries, then oral argument is requested. TEX. R. APP. P. 39.1, 39.2, 39.7.

## **RESPONSE TO ISSUES PRESENTED FOR REVIEW**

Section 74.251 of the Texas Civil Practice and Remedies Code declares that no health care liability claim may be brought unless the action is filed within two years from the occurrence of the tort. It is not disputed that Plaintiffs' health care liability claim was not timely filed. This Court should affirm the trial court's judgment granting Appellee's Motion for Summary Judgment for the following reasons:

1. Jayakumar met his Summary Judgment burden to conclusively establish the affirmative defense of statute of limitations.

2. The Open Courts provision of the Texas Constitution does not bar the application of the statute of limitations in this case.

    a. Thomas has not suffered an Open Courts violation pursuant to the applicable two year statute of limitations of § 74.251, Texas Civil Practice and Remedies Code. Thomas had a CT scan 11 to 12 months prior to the expiration of the statute of limitations, which revealed the presence of the foreign object (silastic tubing) allegedly left in Thomas' peritoneal cavity. Thomas was informed of the CT scan results.

    b. Thomas has not raised a fact issue that she did not have reasonable opportunity to discover the alleged wrong and bring suit before the limitations period.

# I. STATEMENT OF FACTS AND PROCEDURAL HISTORY

In 2001, Thomas underwent lap band surgery, which was performed by non-parties to this suit. During that surgery, the foreign object subject to the present suit (silastic tubing), was intentionally left in her peritoneal cavity. (CR. 37) Thomas is not alleging any negligence on the part of Appellees arising out of the 2001 surgery that placed the tubing in her abdominal cavity. (CR. 171)

On **November 14, 2011**, Thomas was admitted to First Street Hospital for gastric bypass surgery. Defendant, Jayakumar, performed a laparoscopic takedown of gastric band, laparoscopic adhesiolysis, laparoscopic Roux-en-Y gastric bypass, laparoscopic hiatal hernia repair, and an Upper GI endoscopy on Thomas on that date, and she was released from the hospital on **November 15, 2011**. (CR. 6)

Thomas returned to Jayakumar for follow-up visits on November 30, 2011 and December 22, 2011. (CR. 6) During her final encounter with Jayakumar on **December 22, 2011**, Thomas alleges that she reported some abdominal pain to Jayakumar but he did not perform any additional examination to locate the cause of the pain. (CR. 6)

Throughout 2012, Thomas alleges she continued to feel intermittent abdominal pain but she <u>did not</u> seek any additional treatment from any healthcare provider, including Jayakumar. (CR. 6)

On **December 6, 2012**, Thomas claims she began to experience more severe abdominal pain and presented to the emergency room at Houston Northwest Medical Center (not a party to this suit), where **a CT scan revealed the presence of a foreign body that had been left in Thomas' peritoneal cavity, during the 2001 lap band surgery performed by non-parties**. (CR. 37, CR. 82, ¶1) These findings were disclosed to Thomas, and it was recommended that she seek a surgeon to have the object removed. (CR. 82, ¶1) Thomas elected <u>not</u> to remove the object at that time. (CR. 82, ¶1)

In **December 2012**, after being informed by Houston Northwest Medical Center ER personnel that the tubing was responsible for her symptoms and should be removed, Thomas retained her attorneys.[2] (CR. 82, ¶2, CR. 172, ¶10)

After the December 6, 2012 CT scan at Houston Northwest Medical Center, Thomas **delayed over sixteen (16) months and filed her Original Petition on April 21, 2014**. (CR. 4)

On February 20, 2014, Thomas sent her statutorily required, *but untimely*, notice of health care liability claim.[3]

---

[2] December 2012 was 11-12 months prior to the expiration of the statute of limitations for any health care liability claim against Appellees arising from the surgery at First Street Hospital on November 14, 2011.

[3] Plaintiff sent her notice of health care liability claim more than 90 days after the two-year statute of limitations had expired, and accordingly, the 75-day tolling period set forth at § 74.051 (c) of the Texas Civil Practice and Remedies Code was not applicable. (CR. 60) Regardless, even if notice had been timely served, it would only have extended limitations until January 29, 2014 (e.g., 2 years and 75 days after Plaintiff's November 14, 2011 surgery). *Id.*

Jayakumar filed his Original Answer on **May 29, 2014**, asserting that Plaintiff's claims and causes of action were barred by the applicable statute of limitations. (CR.Supp. 9, §XIX)

On **June 13, 2014**, Jayakumar filed his Motion for Summary Judgment based on limitations. TEX. CIV. PRAC. & REM. CODE § 74.251. (CR. 21)

Three days later, on **June 16, 2014**, Thomas filed her First Amended Petition, and **for the first time pled the discovery rule and the Open Courts provision of the Texas Constitution**. (CR. 35)

On **August 22, 2014**, Thomas filed her Response to Appellee' Motions for Summary Judgment, which included the **Affidavit of Plaintiff Tiffany Thomas**.[4] (CR. 67, CR. 82)

On **October 29, 2014**, summary judgment was granted in favor of Appellees on limitations. (CR. 170)

On December 1, 2014, Thomas filed her Notice of Appeal. (CR. 177)

---

[4] A copy of the Affidavit is attached to Appellee's Brief as Appendix Tab 2.

## II.  SUMMARY OF THE ARGUMENT

The important dates for purposes of limitations in this case are as follows:

| | |
|---|---|
| Date of Gastric Bypass Surgery: | November 14, 2011 |
| Date of Discharge: | November 15, 2011 |
| Latest Possible Date for Calculating Statute of Limitations[5]: | December 22, 2011 |
| Date Foreign Object Discovered | December 6, 2012 |
| Thomas Retained Counsel | December 2012 |
| Limitations Expired[6]: | December 22, 2013 |
| Notice of Claim and Authorization: | February 20, 2014 |
| Original Petition Filed: | April 21, 2014 |

The trial court properly granted summary judgment for Jayakumar based on Thomas' failure to file her Original Petition within the applicable two-year statute of limitations.[7]  Based on the timeline of events, as set forth above, the trial court

---

[5]  The date of Jayakumar's final follow-up visit and contact with Thomas is December 22, 2011. (CR. 170)

[6] Jayakumar does not admit that December 22, 2011 is the date that the statute of limitations expired. Plaintiff's Original Petition vaguely suggests that the date of potential negligence is November 14, 2011, the date of her gastric bypass surgery. (CR. 6). However, affording Plaintiff the latest possible accrual date for purposes of this brief only, Dr. Jayakumar assumes *arguendo* December 22, 2011, the date of his final follow-up visit and contact with Thomas is the latest possible expiration date under Chapter 74's two-year statute of limitations.

[7] Appendix A, Tab 1.

4

correctly found that, "there is no fact question here presented whether Plaintiff knew her injury, and its cause, before limitations had run." (CR. 173, ¶10)

Thomas has not challenged the trial court's finding that the Original Petition was filed outside the two-year statute of limitations period.[8] Accordingly, any argument on this issue is waived on appeal. TEX. R. APP. P. 38.1(h); *see also Wheeler v. Methodist Hosp.,* 95 S.W.3d 628, 646 (Tex. App. – Houston [1st Dist.] 2002, no pet. h.).

Thomas contends that, under the circumstances of her case and the course of her medical treatment, application of the statute to bar her claims would violate the Open Courts provision in Article I §13 of the Texas Constitution. In the context of the Open Courts challenge to § 74.251, this Court has squarely found that citing to numerous medical tests and procedures and further investigation by counsel are insufficient reasons and no explanation as to how a plaintiff did not have reasonable opportunity to discover a medical injury. *Gale v. Lucio,* 445 S.W.3d 849, 855 (Tex. App.─Houston [1st Dist.] 2014, pet. filed) (reversing denial of summary judgment on limitations and further rejecting Open Courts challenge to § 74.251 on the grounds that CT scan with results were shared with decedent, so she had sufficient

---

[8] Thomas admits in her Brief that "…the lawsuit was filed more than two years after the date of injury." [Appellant's Br. at 6]

5

information to bring a claim, but decedent and wrongful death claimant did not bring suit until more than three years later).

Thomas' appeal and her as-applied Open Courts challenge effectively asks this Court for a result that would render meaningless the statute of limitations set forth in § 74.251, TEX. CIV. PRAC. & REM. CODE. Under the facts of this case, there is no violation of the Open Courts doctrine by the trial court in having dismissed Thomas' claims with prejudice based on the statute of limitations.

In addition, Thomas failed to raise a fact question with respect to the applicability of the Open Courts guarantee. As detailed below, Thomas' injury was not inherently undiscoverable – *and was actually discovered* well in advance of the expiration of the statute of limitations. Furthermore, the discovery rule cited by Thomas is no longer viable under § 74.251. Although Thomas cites reasons for her delay in filing suit, which one might find sympathetic, none of her reasons (lack of insurance; lack of funds; loss of job; and/or, choosing to get the foreign object extracted prior to filing suit to confirm it was actually the silastic tubing suspected) lead to the legal conclusion that she did not have reasonable opportunity to discover the injury or in any way faced an impossible condition prior to the expiration of limitations.

The Texas Supreme Court has been clear that an Open Courts challenge does not serve to strike down § 74.251 as applied under circumstances akin to Thomas'

6

case, and sometimes involving even less delay that that of Thomas. *Stockton v. Offenbach,* 336 S.W.3d 610, 617-18 (Tex. 2011); *Shah v. Moss, 61* S.W.3d 836, 847 (Tex. 2001); *Yancy v. United Surgical Ptnrs.  Int'l, Inc.,* 236 S.W.3d 778, 785 (Tex. 2007). This Court has recently rejected similar arguments as well. *Gale v.  Lucio,* 445 S.W.3d 849 (Tex. App.─Houston [1st Dist.] 2014, pet. filed).

Therefore, Jayakumar respectfully moves this Court to affirm the judgment in his favor granting Defendant's Motion for Summary Judgment and dismissing all of Thomas' claims with prejudice because her claims are barred as a matter of law.

### III.    ARGUMENT AND AUTHORITIES

#### A.    STANDARD OF REVIEW

As a question of law, a trial court's ruling on a motion for summary judgment is reviewed de novo. *Natividad v. Alexsis, Inc.,* 875 S.W.2d 695, 699 (Tex. 1994). On appeal from a "traditional" summary judgment, the issue is whether the movant established, as a matter of law, entitlement to summary judgment by conclusively proving that no genuine issue of material fact exists as to his cause of action or defense. *Delgado v. Burns,* 656 S.W.2d 428, 429 (Tex. 1983); citing *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 678 (Tex. 1979).  A defendant moving for summary judgment on the affirmative defense of limitations has the burden to conclusively establish that defense, including the accrual date of the cause of action. *Citizens First. Nat'l Bank* v. *Cinco Explorations,* 540 S.W.2d 292, 294 (Tex.  1976); *see also Provident Life & Accident Ins. Co. v. Knott,* 128 S.W.3d

7

211, 220 (Tex. 2003). If the movant establishes that the statute of limitations bars the action, the non-movant must then adduce summary judgment proof raising a fact issue in avoidance of the statute of limitations. *See, e.g., Diamond v. Eighth Ave. 92, L.C.,* 105 S.W.3d 691, 695 (Tex.App.─Fort Worth 2003, no pet.); *Cooper v. D&D G.C. of Gilmer, Inc.,* 187 S.W.3d 717, 720 (Tex.App.─Tyler 2006, no pet.). In the summary judgment context, the burden is on the plaintiff asserting an Open Courts exception to the statute of limitations to raise a fact issue demonstrating that she did not have a reasonable opportunity to discover the alleged wrong and bring suit before the limitations period expired. *Walters v. Cleveland Reg'l Med Ctr.,* 307 S.W.3d 292, 295 (Tex. 2010).

**B. DEFENDANT HAS CONCLUSIVELY ESTABLISHED THE AFFIRMATIVE DEFENSE OF STATUTE OF LIMITATIONS**

The legislature has spoken: "no health care liability claim may be commenced unless the action is filed within two years from the occurrence of the breach or tort or from the date the medical or health care treatment that is the subject of the claim or the hospitalization for which the claim is made is completed." Tex. Civ. Prac. & Rem. Code § 74.251. That statute bars Plaintiff's claim.

The period of limitations set forth in this statute runs from one of three events: (1) [the] occurrence of the breach or tort; (2) [the] date that the relevant course of treatment was completed; or (3) [the] last date of the relevant hospitalization. *Winston v. Peterek*, 132 S.W.3d 204, 207 (Tex.App.─Houston [14th Dist.] 2004, pet. denied). *See also Shah*, 67 S.W.3d at 841. **The statute imposes**

**an absolute two-year statute of limitations regardless of when an injured party learns of the injuries**. *See Morrison v. Chan*, 699 S.W.2d 205, 208 (Tex. 1985) (emphasis added). Although the statute specifies three dates from which the limitations period may run, a plaintiff cannot simply choose any of these dates. *Bala v. Maxwell*, 909 S.W.2d 889, 891 (Tex. 1995). Thomas' surgery was on November 14, 2011 and she was discharged from First Street on November 15, 2011. Dr. Jayakumar did not provide any additional medical care to Thomas after December 22, 2011.

Given the facts of the case at hand, the statute of limitations started to accrue on November 14, 2011, the date of Thomas' gastric bypass surgery at First Street Hospital. That would allow Plaintiff two years within which to either file suit or serve a notice letter thereby extending the statute of limitations for another 75 days. Plaintiff did not file suit on or before November 14, 2013, nor did any Defendant receive a notice of claim letter within that time period[9].

Assuming Plaintiff alleges some continuing negligence by Dr. Jayakumar, in the course of care through the last post-surgical follow-up office visit on December 22, 2011, her case would still be barred by limitations. Under a continuing course of treatment argument, the statute of limitations would not have expired until December

---

[9] Plaintiff did not send Notice of Claim and Authorization until February 20, 2014. (CR. 60)

22, 2013. Plaintiff neither filed suit on or before December 22, 2013, nor sent a notice letter within that time period.

Plaintiff did not file her Original Petition until April 21, 2014. (CR. 4) Plaintiff's claims are, therefore, barred by limitations as a matter of law.

## C.     OPEN COURTS CHALLENGES IN HEALTH CARE LIABILITY CLAIMS

Plaintiff does not contend that her health care liability claim was not timely filed. [Appellant's Br. at 6]  Rather, Thomas contends that, under the circumstances of her case and the course of her medical treatment, application of the statute to bar her claims would violate the Open Courts provision in Article I *§13* of the Texas Constitution.[10] (CR. 70) That section provides that: "All courts shall be open, and every person for every injury done him, and his lands, goods, personal reputation shall have remedy by due course of law." *Id.*

The Open Courts guarantee operates quite differently from a tolling provision. *Yancy v. United Surgical Partners Int'l,* 236 S.W.3d 778, 784 (Tex. 2007). Tolling provisions generally defer accrual of a claim until the plaintiff knew, or in the exercise of reasonable diligence should have known, the facts giving rise to the claim. *Id.* (citing *HECI Exploration Co. v. Neel,* 982 S.W.2d 881, 886 (Tex. 1998)). By contrast, "the Open Courts provision merely gives litigants a reasonable time to

---

[10] Importantly, Thomas does not allege any negligence by Defendants arising out of the 2001 surgery that placed the "catheter silastic tubing" in her abdominal cavity.

discover their injuries and file suit," and courts must determine what constitutes a reasonable time frame. *Id.* In short, an Open Courts challenge is a due process complaint and requires the party to use due diligence. *Id.* at 785. Procedurally, the party raising the Open Courts challenge "must raise 'a fact issue establishing that he did not have a reasonable opportunity' to be heard." *Stockton v. Offenbach,* 336 S.W.3d 610, 618 (Tex. 2011) (quoting *Yancy,* 236 S.W.3d at 785).

The courts have used the Open Courts provision to avoid a harsh result in medical malpractice cases <u>in which it is not possible for a Plaintiff to discover the injury or wrong within the two year limitations period</u>. *Sax v. Votteler,* 648 S.W.2d 661 (Tex. 1983) (emphasis added); *Neagle v. Nelson,* 685 S.W.2d 11 (Tex. 1985); *see also, Thompson v. Pate,* 69 S.W.3d 743, 744 (Tex. App.−El Paso 2002, no pet.) (Open Courts guarantee provides "narrow exception" to statute of limitations).

Even so, the Open Courts provision applies *only* if it would be impossible or exceedingly difficult to discover the injury within the limitations period. *O'Reilly v. Wiseman,* 107 S.W.3d 699, 702 (Tex. App.−Austin 2003, pet. denied). The Court should not interpose the test of the traditional discovery rule and the open courts doctrine; otherwise, the Court would defeat the clear purpose of the legislature when it enacted the specific statute of limitations for medical malpractice cases. *Desiga v. Scheffey,* 874 S.W.2d 244, 249 (Tex. App.−Houston [14th Dist.] 1994, no writ). "The open courts defense is not a discovery rule." *Id.* at 252; *Mendoza v. Murphy,*

11

532 F.3d. 342 (5th Cir. 2008) (applying Texas law) (open courts provision more restrictive than discovery rule); *see also Yancy*, 236 S.W.3d at 784 (Court discusses difference between discovery rule and Open Courts provision). The question before the Court is whether it was impossible or exceedingly difficult for Thomas to know the fact of her injury within the statute of limitations, not whether she knew or should have known she had a claim. *See* TEX. CIV. PRAC. & REM. CODE § 74.251 and *O'Reilly v. Wiseman,* 107 S.W.3d 699 (Tex. App.−Austin 2003, pet. denied). Thomas cannot meet that burden.

**D.    PLAINTIFF FAILED TO MEET HER BURDEN TO DEMONSTRATE PRIMA FACIE CASE FOR APPLICATION OF THE OPEN COURTS PROVISION**

*1.  Plaintiff's Affidavit Shows on its Face that Her Claim is Time-barred*

In this case, Thomas had a reasonable chance to discover her injury within the limitations period for several reasons. First, Thomas' own affidavit, dated August 21, 2014, states:

> In December 2012, after suffering severe pain, I went to Houston North West Medical Center. At the hospital, the doctors found that there was a foreign object in my abdominal cavity. I was informed by the doctors that I should seek a surgeon to remove the foreign object; however, I had no medical insurance to cover the cost of surgery.

(CR 82, ¶1) Thomas waited almost a year until she saw another physician to address this known foreign object in her abdomen. And on February 24, 2014, after almost sixteen (16) months of experiencing pain in the same location in her body, she had

12

the foreign object removed. (CR 82, ¶12) These facts, alone, are sufficient to establish that Thomas knew of the injury in December 2012.

Additionally, in December 2012, the same month she was told by doctors at Houston Northwest Hospital about the foreign object in her peritoneal cavity, Plaintiff admits in her affidavit that she retained her current counsel, Radack & Associates, P.C. (CR 82, ¶2). In the recently decided Texas Supreme Court case of *Tenet Hospitals Ltd. v. Rivera*, involving a minor's Chapter 74 healthcare liability claim, the Court analyzed a statute of limitations challenge under the open courts provision and the statute of repose. *Rivera,* 445 S.W.3d 698, 703-04 (Tex. 2014).[11] In evaluating the guardian's diligence in discovering the minor's injuries and filing suit, the Court considered the fact that the guardian/claimant hired a lawyer to send pre-suit notice of the claim two years before the repose statute barred it in concluding that the absence of due diligence barred her claim. *Id.* Here, Thomas demonstrated knowledge of her claim when she hired counsel in December 2012, 11-12 months before the statute of limitations expired. However, similar to the facts in the *Rivera*

---

[11] Ten-year statute of repose for the Medical Liability Act did not violate open courts provision as applied to mother, who brought action as next friend of her child against hospital and physician for medical negligence, arising from emergency cesarean section allegedly resulting in child's permanent neurological injury and disability, where an attorney sent the hospital and physician the statutorily required notice of child's health care liability claim two years before the statute of repose barred it, but then waited over six-and-a-half years to file suit. Tex. Const. art 1, § 13; V.T.C.A., Civil Practice & Remedies Code § 74.251(b).

case, counsel for Thomas did not send a notice letter thereby extending the statute of limitations, or file suit timely.

### 2. Plaintiff Failed to Raise a Fact Issue with Respect to the Applicability of the Open Courts Guarantee

Thomas has the burden to show that the nature of the claim was impossible or exceedingly difficult to discover, and that she did not or could not have learned of the fact of injury within the two year period. *O'Reilly* 107 S.W.3d at 707 (citing *Moreno* v. *Sterling Drug, Inc.,* 787 S.W.2d 348, 357 (Tex. 1990) (discovery of "fact of injury" is triggering event for limitations); *Borderlon v. Peck,* 661 S.W.2d 907, 909 (Tex. 1983) (knowledge of "facts, conditions or circumstances which would cause a reasonable prudent person to make inquiry is in law equivalent to knowledge of the cause of action").

Although Thomas cites reasons for her delay in filing suit, which one might find sympathetic, none of her reasons (lack of insurance; lack of funds; loss of job; and/or, choosing to get the foreign object extracted prior to filing suit to confirm it was actually the silastic tubing suspected) lead to the legal conclusion that the injury was impossible of exceedingly difficult for Thomas to discover prior to the expiration of limitations, but in fact proves the injury *was discovered* well before the expiration of limitations.

14

### a. Lack of financial resources

In support of her Open Courts challenge, Thomas does not say that she did not have reason to suspect the injury – she only says she lacked the financial resources *to get further testing or treatment for it*. (Appellant's Br. at p. 7, ¶4) This is not a recognized reason to uphold an "as applied" Open Courts challenge and Thomas provides no authority to support her proposition.

In referring to *Yancy v. United Surgical Ptnrs. Int'l, Inc.,* 236 S.W.3d 778, 785 (Tex. 2007), the Texas Supreme Court in *Rivera* pointed out that the plaintiff's Open Courts challenge to § 74.251 failed in part because "the guardian knew of [Yates's] condition and retained a lawyer well within the limitations period. On this there is no fact issue establishing that [the guardian] . . . sued within a reasonable time after discovering the alleged wrong. Thus, the Open Courts provision does not save Yates's time-barred negligence claims" *Tenet Hosps. Ltd. v. Rivera,* 445 S.W.3d 698, 703-04 (Tex. 2014). Similarly, the Texas Supreme Court in *Yancy* also concluded that, because the limitations statute was constitutional as applied to plaintiff, "there is no need to strike it down because it might operate unconstitutionally in another case." *Yancy*, 236 S.W.3d at 786.

Although sympathetic, Thomas' reasons for deferral of treatment due to lack of financial resources does not lead to the legal conclusion that the injury was not

15

discovered and that she in any way faced an impossible condition prior to the expiration of limitations. Her injury was discovered by CT scan, and the results were made known to Thomas, well within the limitations period.

### b. No requirement to investigate fact of injury

Thomas' Open Courts challenge also focuses on the February 2014 surgery as the first time she was able "to confirm the existence and nature of the foreign object, learn the reason for its presence [sic] her abdomen, and learn the identity of the potentially culpable party or parties." [Appellant's Br. at p. 12, ¶6] Appellant's Brief alleges that: "Only after this procedure could Ms. Thomas actually know: (1) that the cause of her pain was a catheter-type silastic tubing intentionally implanted during her 2001 lap band surgery; and, (2) Dr. Jayakumar should have removed it as part of and during her 2011 gastric bypass." [p. 11, ¶5] Again, this is not a recognized reason to uphold an "as applied" Open Courts challenge, and Thomas provides no authority to support her proposition.

This Court has squarely found that citing to numerous medical tests and procedures and further investigation by counsel are insufficient reasons and no explanation as to how a plaintiff did not have reasonable opportunity to discover a medical injury. *Gale v. Lucio,* 445 S.W.3d 849, 855 (Tex. App.—Houston [1st Dist.] 2014, pet. filed).

16

Here, Thomas has the burden to show that the nature of her claim was impossible or exceedingly difficult to discover and that she did not or could not have learned of the fact of injury within the two year period. *O'Reilly* 107 S.W.3d at 707 (citing *Moreno v. Sterling Drug, Inc.,* 787 S.W.2d 348, *357* (Tex. 1990) (discovery of "fact of injury" is triggering event for limitations); *Borderlon v. Peck,* 661 S.W.2d 907, 909 (Tex. 1983) (knowledge of "facts, conditions or circumstances which would cause a reasonable prudent person to make inquiry is in law equivalent to knowledge of the cause of action")).

Thomas argues, without supporting authority, that "Under the Open Courts provision of the Texas Constitution, Ms. Thomas' claims could not begin to accrue until Ms. Thomas was fully aware of what the foreign object inside of her was, who was responsible for leaving the item in her, whether it was supposed to be there or not, and if that was the item that caused her the pain and injury." [Appellant's Br. at p. 10 (Summary of Argument)]. There is also no legal authority under these facts to support Thomas' proposition that "It, therefore, is unconstitutional to deny Ms. Thomas' lawsuit because she did not file it within two years from the date of her original surgery in November 2011," or that "As such, the Open Courts provision of the Texas Constitution precludes application of § 74.251, and § 74.251 cannot bar Ms. Thomas' lawsuit." [*Id.* at p. 12, ¶7]

17

Thomas cites to *Adkins v. Tafel* to argue that the constitutionality of § 74.251, as applied to a particular situation, turns on when the plaintiff acquired knowledge of (1) the injury; (2) its cause; and (3) the identity of the potentially culpable party. 871 S.W.2d 289 (Tex. App.–Fort Worth 1994, no writ). [Appellant's Br. at 11, ¶4] (CR. 70, pp. 4-5) But *Adkins* is instructive in this case insofar as the court actually affirmed summary judgment in favor of the medical providers and upheld the constitutionality of the statute of limitations at Tex. Rev. Civ. Stat. Ann. art. 4590i (recodified at § 74.251. Tex. Civ. Prac. & Rem. Code). In *Adkins*, the court found that failing to find an attorney to bring suit until after their claim was time-barred did not affect the constitutionality of the statute, and that appellant-guardians did not prove that appellee-physician fraudulently concealed anything that he should have disclosed. Notably here, there is no dispute that Thomas had retained counsel by the time she was advised of the presence of the foreign object in December 2012. Suit could have been filed at that time. (CR. 171, ¶3) ("[Thomas] subsequently acquired medical insurance in January 2013, lost it (and her job) in July, and then obtained financial assistance through her attorneys - *retained in December 2012* - that ultimately resulted in a surgical procedure to remove the tubing on February 24, 2014.") (Emphasis added).

Thomas argues that "Only after this procedure [surgical removal by Dr. Albo of the foreign object in February 2014] could Ms. Thomas actually know: (1) that

18

the cause of her pain was a catheter-type silastic tubing intentionally implanted during her 2001 lap band surgery; and (2) Dr. Jayakumar should have removed it as part of and during her 2011 gastric bypass. Prior to this procedure Ms. Thomas had been told that the pain she was suffering was attributable to a gallbladder problem." [Appellant's Br. at pp. 6, 11] (CR. 71, ¶18). This is merely an attempt by Thomas to circumvent the fact that the foreign object was discovered on December 6, 2012, and she cites no authority with similar facts to support that a plaintiff who has received medical confirmation with advanced CT scan technology of the presence of a foreign object inside the plaintiff's body must know *exactly* what the foreign object is to ascertain that it is indeed a foreign object, and that it is necessary to have it removed and looked at before she is required to comply with the two-year statute of limitations of § 74.251. Even the affidavit of Dr. Daniel Albo states that he discovered "a foreign object that I believed to be a catheter type structure located in her peritoneal cavity." (CR. 75, ¶3). No Texas court has ever struck down § 74.351 as applied on these facts, and there is no such authority to support Thomas' contentions in this regard. The fact is, as the trial court correctly pointed out, the 11-12 months between December 6, 2012 and November 14, 2013[12] afforded Thomas a reasonable opportunity to file suit, and requiring her to have done so under these circumstances did not impose an impossible condition. (CR.173, ¶11)

---

[12] -or- December 22, 2013, under a continuing course of treatment theory.

19

### c. **Frivolous litigation**

Thomas also cites an alleged concern about having brought frivolous litigation before any point in time prior to the extraction of the silastic tubing, seemingly arguing, albeit without supporting case law, that it was categorically necessary to extract the foreign tube from her peritoneal cavity to ascertain the nature of her claim and to sue the correct people or entities. [CR. 135-136]. Notably, Thomas does not contend that anyone else operated on her abdominal area aside from the providers in 2001 and Jayakumar. In response to Thomas' assertion, Jayakumar would show that in litigation, it is well established that:

(1) A claim can be brought in good faith when injury is reasonably suspected. In this case, the alleged injury was known by December 6, 2012 - one year and one month, at most, after the November 14, 2011 surgery.

(2) A claim can be brought and the discovery process allows a party to seek facts and ascertain the merit of the claims brought. Here, Thomas cites no valid reason that she faced an impossibility in bringing her claims and engaging in the discovery process if she was worried about suing the wrong parties for the wrong injury.

*O'Reilly v. Wiseman*, 107 S.W.3d 699, 708-09 (Tex. App. 2003).

Thomas also cites *Walters v. Cleveland Reg'l Med Ctr.,* 307 S.W.3d 292 (Tex. 2010) for the proposition that "§ 74.251 is unconstitutional, insofar as it is applied to cut off a cause of action before the plaintiff knew of the injury, its cause, and the identity of the potentially culpable party." [Appellant's Br. at 11, ¶4] *Walters* is inapplicable to Thomas' case, because in *Walters,* the plaintiff genuinely did not

discover the injury until after the statute of limitations.[13] Here, Thomas admits that she had her gastric bypass surgery on November 14, 2011, and that on December 6, 2012, a CT scan revealed the presence of a foreign object in her peritoneal cavity. [Appellant's Br. at 7, ¶¶2, 4] The Houston Northwest Medical Center ER personnel told Thomas on December 6, 2012 that the tubing was responsible for her symptoms and should be removed. It is also undisputed that she retained her attorney(s) at that time. Again, this was 11-12 months before the limitations period expired. Unlike *Walters*, there is no fact question here presented as to whether Plaintiff knew her injury, and its cause, and did not have an opportunity to file suit before limitations had run.

## IV. CONCLUSION

Thomas' claims are decidedly and unquestionably time-barred by the statute of limitations. § 74.251, TEX. CIV. PRAC. & REM. CODE. The statute of limitations is not unconstitutional as applied. The discovery rule does not apply to Thomas' claims. Obviously, it was neither impossible nor exceedingly difficult for Thomas

---

[13] In *Walters*, the Court noted that "Sponge cases are *sui generis.* They rarely occur, they never occur absent negligence, and when they do occur, laypeople are hard-pressed to discover the wrong*." Id.* at 298. Thomas' case, however, is distinguishable from these kinds of "foreign object" medical negligence cases. The placing of the silastic tubing, in Thomas' case, was not unknown or unknowable, but rather an intended part of her 2001 lap band surgical procedure. As such, it was not negligence to leave it in the abdomen – unlike a surgical sponge. Nor was the silastic tubing placement in the abdomen uniquely in the knowledge or control of the surgeon, or otherwise "exceedingly difficult to discover." *Id.* at 297.

21

to discover the injury, or even its cause, within the statute of limitations. Thomas knew (or should/could have known) that the tubing was placed in her abdomen in 2001 and, by December 2012 at the latest, she knew Dr. Jayakumar had not removed it and that it might be causing her medical complaints. The next 11 to 12 months afforded Thomas a reasonable opportunity to file suit, and requiring her to have done so under these circumstances does not "impose and impossible condition" of the type and nature that warrants the protection of the Open Courts guarantee. *See Tenet Hosps. Ltd. v. Rivera,* 445 S.W.3d 698, 703-04 (Tex. 2014). For reasons that do not serve to defeat the affirmative defense of the statute of limitations, Thomas chose not to bring, or delayed in timely bringing, her claims. The delay in timely filing suit does not constitute diligence on her part.

In this case, it is clear that Thomas did not meet her burden. She failed to raise a fact question with respect to the applicability of the Open Courts guarantee. No Texas court has rendered the result that Thomas seeks here, and the trial court's judgment in this case must be affirmed.

## V. **PRAYER**

WHEREFORE, PREMISES CONSIDERED, Appellee, T. Jayakumar, M.D., respectfully prays that this Honorable Court affirm the trial court's October 29, 2014,

22

order granting Jayakumar's summary judgment, and dismissal with prejudice, and

for any further relief to which Appellee may show himself justly entitled.

Respectfully submitted,

SMITH ADAMS LAW FEEHAN LLP


By: */s/ Michael C. Feehan*

**Michael C. Feehan**
State Bar No. 06873300
Mike@SmithAdamsLaw.com
**Stephanie A. Sanders**
State Bar No. 24055315
Stephanie@SmithAdamsLaw.com
1415 Louisiana Street, Suite 3800
Houston, Texas 77002-7360
P: (713) 652-3200
F: (713) 652-6000
**ATTORNEYS FOR APPELLEE**
**T. JAYAKUMAR, M.D.**

23

## CERTIFICATE OF COMPLIANCE

Pursuant to Texas Rule of Appellate Procedure 9.4(i)(3), the undersigned counsel – in reliance upon the word count of the computer program used to prepare this document, Microsoft Word 2013 – certifies that this Brief contains 4988 words, excluding the words that need not be counted under Texas Rule of Appellate Procedure 9.4(i)(1).

*/s/ **Michael C. Feehan***
Michael C. Feehan

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Brief of Appellee has been served upon each party or their duly authorized agent or attorney of record as set out below on this the 20th day of March, 2015.

/s/ *Michael C. Feehan*
Michael C. Feehan

**Jorge Borunda**
jborunda@radacklaw.com
Michael Trevino
mtrevino@radacklaw.com
Orjanel Lewis
olewis@radacklaw.com
RADACK AND BORUNDA, P.C.
1345 Campbell, Suite 220
Houston, Texas 77055
*via E-service*

**David Luningham**
dlluningham@watsoncaraway.com
Helena Venturini
hventurini@watsoncaraway.com
WATSON, CARAWAY, MIDKIFF & LUNINGHAM, LLP
1600 Oil & Gas Building
309 West 7th Street
Fort Worth, Texas 76102
*via E-service*

**Honorable Grant Dorfman**
334th Judicial District Court
201 Caroline, 14th Floor
Houston, Texas 77002

## **APPENDIX**

Pursuant to Tex. R. App. P. 38.2(a)(1)(C), Appellee, T. Jayakumar, M.D., herein encloses this Appendix to his Brief. The Appendix's contents is as follows:

1. Order granting Defendant's Motions for Summary Judgment, dated October 29, 2014 (CR. 170-174)

2. Affidavit of Plaintiff Tiffany Thomas (CR. 82-84)

26

**APPENDIX – Tab 1**

Cause No. 2014-22071

| | | |
|---|---|---|
| TIFFANY THOMAS | § | IN THE DISTRICT COURT |
| | § | |
| v. | § | HARRIS COUNTY, T E X A S |
| | § | |
| T. JAYAKUMAR, FIRST STREET | § | |
| HOSPITAL, FIRST SURGICAL | § | |
| PARTNERS, LLC | § | 334TH JUDICIAL DISTRICT |

## ORDER GRANTING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT

ON THIS DAY the Court considered the Motions for Summary Judgment filed by defendants T. Jayakumar, First Street Hospital and First Surgical Partners, LLC, on the basis of the statute of limitations. Upon reviewing same, the Response, Replies and Sur-Replies, the arguments of counsel and the authorities cited by them at the oral hearing and in supplemental briefing, the Court finds that the Motions are meritorious and should be GRANTED for the following reasons:

1. Plaintiff Tiffany Thomas ("Thomas" or "Plaintiff") filed her lawsuit more than two years after the last date of treatment by the defendants, alleging that Dr. Jayakumar committed medical malpractice when he left a foreign object in Thomas' abdomen after gastric bypass surgery in November 2011, and failed to recognize or acknowledge the problem in a follow up office visit in December 2011. The object was ultimately removed in April 2014, which alleviated Thomas' symptoms.

2. The other defendants' alleged liability is wholly derivative of Dr. Jayakumar's conduct.

3. Thomas was advised of the foreign body's presence, and of the need for it to be removed in order to alleviate her abdominal pain, when she treated at the Houston

F I L E D
Chris Daniel
District Clerk
Time: _____
OCT 29 2014
By _____
Harris County, Texas
Deputy

170

Northwest Medical Center ER on December 6, 2012. However, Thomas had no medical insurance and no other means to cover the cost of the surgery at that time. She subsequently acquired medical insurance in January 2013, lost it (and her job) in July, and then obtained financial assistance through her attorneys – retained in December 2012 – that ultimately resulted in a surgical procedure to remove the tubing on February 24, 2014.

4. As pled by plaintiff in her amended petition, it was determined following surgery – and is apparently undisputed by defendants – that the removed tubing was placed in Thomas' abdomen in 2001, during a lap band surgery "which required the insertion of a catheter silastic type tubing in her abdomen." Plaintiff's Response (filed August 22, 2014), at 3 n.1.

5. Following the surgery, Plaintiff served defendants with a Notice of Claim letter, and this lawsuit followed on April 21, 2014. The parties do not dispute that Thomas failed to file suit within the two year statute of limitations prescribed by Section 74.251(a). Rather, Thomas contends that, under the circumstances of her case and the course of her medical treatment, application of the statute to bar her claims would violate the Open Courts provision of the Texas Constitution. Importantly, plaintiff does not allege any negligence by defendants arising out of the 2001 surgery that placed the tubing in her abdominal cavity.

6. Plaintiff focuses on the February 2014 surgery date as the first time she was able "to confirm the presence, nature and origin of the foreign body," sufficient to ascribe negligence to these defendants, notify them of the claim and file suit. As stated in her

2

171

summary judgment response: "Only after this procedure could Ms. Thomas actually know: (1) that the cause of her pain was a catheter-type silastic tubing intentionally implanted during her 2001 lap band surgery; and (2) Dr. Jayakumar should have removed it as part of and during her 2011 gastric bypass." Plaintiff's Response at 5.

7. The Court is mindful that this is a "foreign object" medical malpractice case similar in type to that addressed by the Texas Supreme Court in *Walters v. Cleveland Regional Med. Ctr.*, 307 S.W.3d 292 (Tex. 2010). In *Walters*, the Court noted that "Sponge cases are *sui generis* They rarely occur, they never occur absent negligence, and when they do occur, laypeople are hard-pressed to discover the wrong." *Id.* at 298.

8. Were this case factually indistinguishable from *Walters*, it would compel the conclusion that at minimum Plaintiff met her burden to raise a fact question regarding whether she had a reasonable time to discover her injury and file suit. But this case is distinguishable from *Walters* in crucial respects.

9. First, the placing of the silastic tubing was not unknown or unknowable; it was an intended part of the 2001 lap band surgical procedure. As such, it was not negligence to leave it in Thomas' abdomen – unlike a surgical sponge. Nor was its placement there uniquely in the knowledge or control of the surgeon, or otherwise "exceedingly difficult to discover." *Id.* at 297.

10. Second, the Houston Northwest Medical Center ER personnel told Thomas in December 2012 that the tubing was responsible for her symptoms and should be removed. It is also undisputed that she retained her attorneys at that time. This was

3

approximately 11-12 months before the limitations period expired. Unlike *Walters,* there is no fact question here presented whether Plaintiff knew her injury, and its cause, before limitations had run.

11. In short, Thomas knew (or should/could have known) that the tubing was placed in her abdomen in 2001 and, by December 2012 at the latest, she knew Dr. Jayakumar had not removed it and that it might be causing her medical complaints. The ensuing 11-12 months afforded Thomas a reasonable opportunity to file suit, and requiring her to have done so under these circumstances does not "impose an impossible condition" of the type and nature that warrants the protection of the Open Courts guarantee. *See Tenet Hospitals Ltd. v. Rivera,* 2014 WL 4116813, at *8 (Tex. Aug. 22, 2014).

12. Thomas ascribes her delay in having surgery to remove the tubing and filing suit to her financial and work/insurance-related difficulties during 2013. These are legitimate – and undisputed – concerns. The Court does not find any lack of diligence by Plaintiff and, to the extent that is a critical issue affecting the applicability of the Open Courts guarantee, the summary judgment record plainly favors Thomas. But the cases applying the guarantee do not appear to permit such real-world concerns to trump the objective inquiry into whether a plaintiff was afforded a reasonable time to sue. *See, e.g., Adkins v. Tafel,* 871 S.W.2d 289, 294 (Tex. App. – Ft. Worth 1994, no pet.) ("The mere fact that the Adkins could not find a lawyer to file their suit until after it was time-barred does not affect the constitutionality of the statute.").

4

13. Accordingly, the Court finds that Plaintiff failed to raise a fact question with respect to the applicability of the Open Courts guarantee and summary judgment should be granted in defendants' favor.

It is, therefore, **ORDERED, ADJUDGED and DECREED** that the Motions for Summary Judgment filed by defendants T. Jayakumar, First Street Hospital and First Surgical Partners, LLC, are hereby **GRANTED.** Plaintiff's causes of action against same are hereby **DISMISSED WITH PREJUDICE.**

This is a final judgment that disposes of all claims against all parties, and is immediately appealable.

SIGNED this 29th day of October 2014.

JUDGE GRANT DORFMAN

5

174

**APPENDIX – Tab 2**

NO. 2014-22071

| TIFFANY THOMAS, | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| T. JAYAKUMAR, FIRST STREET | § | |
| HOSPITAL, and FIRST SURGICAL | § | 334th JUDICIAL DISTRICT |
| PARTNERS, LLC, | § | |
| | § | |
| | § | |
| Defendants. | § | OF HARRIS COUNTY, TEXAS |

## AFFIDAVIT OF PLAINTIFF TIFFANY THOMAS

COUNTY OF HARRIS §

STATE OF TEXAS §

BEFORE ME, the undersigned authority, on this day personally appeared Ms. Tiffany Thomas (hereinafter called "Affiant"), who swore on oath that the following facts are true:

"My name is Tiffany Thomas. I am over 18 years of age, of sound mind, and fully competent to make this affidavit. I have personal knowledge of the facts stated herein and they are all true and correct."

1. "In December 2012, after suffering severe pain, I went to Houston North West Medical Center. At the hospital, the doctors found that there was a foreign object in my abdominal cavity. I was informed by the doctors that I should seek a surgeon to remove the foreign object; however, I had no medical insurance to cover the cost of surgery."

2. "Later in December 2012, I retained Radack & Borunda, P.C. FKA Radack & Associates, P.C. as my legal counsel."

82

3. "In January 2013, I obtained medical insurance. I went to Dr. Ravi Moparty at Spring Gastroenterology. At that time, I was informed that Dr. Moparty thought that my abdominal pain was possibly being caused by my gallbladder."

4. "In March 2013, Dr. Moparty referred me to Dr. Irfan Wadiwala, a bariatric surgeon, for evaluation. I was informed by Dr. Wadiwala that Dr. Wadiwala was a friend of Dr. Jayakumar and that I should go back to Dr. Jayakumar and let him handle the removal surgery."

5. "Between March 2013 and July 2013, I went back to see Dr. Moparty. I explained to Dr. Moparty about my discussion with Dr. Wadiwala. I was informed by Dr. Moparty that he would contact Dr. Wadiwala. After this meeting with Dr. Moparty, I was scheduled for an emergency appointment to see Dr. Wadiwala."

6. "I went to the emergency appointment with Dr. Wadiwala in July 2013. At the appointment, I was again informed that I should take my complaints back to Dr. Jayakumar. Also in July 2013, I was fired from my job for missing to many days of work due to my health and therefore lost my medical insurance."

7. "In July 2013, I was informed that my attorneys were preparing an application for me to receive surgery to remove the foreign body through medical care on a lien. Between July 2013 and October 2013, I was waiting for the results of this application. Then in October 2013, my attorneys' office contacted me to inform me that Dr. Albo, a surgeon working with the medical lien company, would see me for an initial evaluation."

8. "On November 15, 2013, I had an appointment scheduled with Dr. Albo. However, this appointment had to be cancelled and rescheduled because Dr. Albo was called into emergency surgery."

2

9. "In late November 2013, I was seen by Dr. Albo who believed that the foreign body in my abdominal cavity may be a tube from one of my previous surgeries. I was informed that Dr. Albo would need to operate to confirm this belief."

10. "In December 2013, Dr. Albo performed a CT Scan to confirm the tubing in the abdominal cavity. After the CT Scan, I was again informed by Dr. Albo that he would need to operate to determine who placed the tubing in my abdominal cavity and when it was placed there."

11. "In February 20, 2014, my attorney sent a Notice of Claim letter to the Defendants" in the above-referenced case."

12. "On February 24, 2014, I received surgery to remove the tubing and confirm its identity and origin."

Affiant sayeth not.

_Tiffany Thomas_

SUBSCRIBED AND SWORN BEFORE ME, the undersigned notary public, on this 21ˢᵗ day of _August_, 2014.

_Monica Martinez_
Notary Public in and for the STATE OF TEXAS

MONICA MARTINEZ
Notary Public, State of Texas
My Commission Expires
July 08, 2018

_Monica Martinez_
Notary's Name Printed or Typed

My commission expires: 7/8/2018

3

84